IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRYAN H. SIMMS** <br> 32 Hitchcock Rd. <br> Westport, CT  06880, <br><br>       **Plaintiff,** <br><br>   v. <br><br> **BALL STREET VENTURES, LLC** <br> 1000 Wisconsin Ave., N.W., Suite g-100 <br> Washington, D.C.  20007; <br><br> **BALL STREET PARTNERS, LLC** <br> 1000 Wisconsin Ave., N.W., Suite g-100 <br> Washington, D.C.  20007; <br><br> **BALL STREET FUND, LLC** <br> 1000 Wisconsin Ave., N.W., Suite g-100 <br> Washington, D.C.  20007; <br><br> **CHRISTIAN LAETTNER** <br> 1041 Ponte Verda Blvd. <br> Ponte Verda Beach, FL  32082; and <br><br> **BRIAN K. DAVIS** <br> 2230 Massachusetts Ave., N.W. <br> Washington, D.C.  20008, <br><br>       **Defendants.** | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> **Civil Action No.:** <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## COMPLAINT

   Plaintiff Bryan H. Simms, by and through his undersigned counsel, brings this action against Defendants and in support thereof avers as follows:

### PARTIES

   1.  Plaintiff Bryan H. Simms is a natural person, domiciled at the address set forth in the caption, and a citizen of the state of Connecticut.

2. To the best of Plaintiff's knowledge, information and belief, Defendant Ball Street Ventures ("BSV") is a Delaware limited liability corporation with its principal place of business in the District of Columbia at the address set forth in the caption. Also to the best of Plaintiff's knowledge, information and belief, Defendant Ball Street Ventures is registered to conduct business in the District of Columbia and has Corporation Service Company, 1090 Vermont Ave., N.W., Washington, DC 20005 ("CSC") as its registered agent for service in the District of Columbia. Also to the best of Plaintiff's knowledge, information and belief, Defendant Ball Street Ventures is not registered to conduct business, and has no registered agent for service, in the Commonwealth of Virginia.

3. To the best of Plaintiff's knowledge, information and belief, Defendant Ball Street Partners ("BSP") is a Delaware limited liability corporation with its principal place of business in the District of Columbia at the address set forth in the caption. Also to the best of Plaintiff's knowledge, information and belief, Defendant Ball Street Partners is not registered to conduct business, and has no registered agent for service, in the District of Columbia. Also to the best of Plaintiff's knowledge, information and belief, Defendant Ball Street Partners is not registered to conduct business, and has no registered agent for service, in the Commonwealth of Virginia.

4. To the best of Plaintiff's knowledge, information and belief, Defendant Ball Street Fund ("BSF") is a Delaware limited liability corporation with its principal place of business in the District of Columbia at the address set forth in the caption. Also to the best of Plaintiff's knowledge, information and belief, Defendant Ball Street Fund is registered to conduct business, and has CSC as its registered agent for service, in the District of Columbia. Also to the best of Plaintiff's knowledge, information and belief, Defendant Ball Street Fund is

not registered to conduct business, and has no registered agent for service, in the Commonwealth of Virginia.

5. Defendants BSV, BSP, and BSF shared and co-determined matters governing essential terms and conditions of employment and were Mr. Simms' joint employers.

6. Defendant Christian Laettner is a natural person who, to the best of Plaintiff's knowledge, information and belief, is domiciled at the address set forth in the caption and a citizen of the state of Florida.

7. Defendant Brian K. Davis is a natural person who, to the best of Plaintiff's knowledge, information and belief, is domiciled at the address set forth in the caption and a citizen of the District of Columbia.

## JURISDICTION

8. The Court has original jurisdiction of this civil action because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332.

## VENUE

9. Venue is proper because some of the Defendants reside, and a substantial part of the events giving rise to the claims occurred, in this judicial district. 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

10. Defendants BSV and BSP entered into a valid and enforceable Employment Agreement with Mr. Simms effective September 10, 2007, engaging him as BSV's Chief Executive Officer ("Employment Agreement").

11. Mr. Davis took the lead in recruiting Mr. Simms away from at Lehman Brothers of New York ("Lehman"). Mr. Davis and Mr. Simms had been friendly for approximately

eighteen (18) years, having met in college and remaining in contact during that time, through which Mr. Davis acquired knowledge of Mr. Simms' career as it developed.

12. After recruiting Mr. Simms for some time, Defendants made him an offer sufficient to lure him away from the lucrative and successful career he had built at Lehman.

13. In offering Mr. Simms employment, Defendants acknowledged that Mr. Simms was resigning from his position as Senior Vice President with Lehman to accept their offer of employment.

14. Defendants further acknowledged that Mr. Simms would have an obligation to repay Lehman a loan in the principal amount of $742,847.16, plus interest at Lehman's margin rate of interest ("Lehman Loan"), which loan would have been forgiven had Mr. Simms not left Lehman to accept Defendants' employment offer.

15. In the process of recruiting and hiring Mr. Simms,

    a. Defendants did not request or receive a resume from Mr. Simms;

    b. Defendants did not request or receive an employment application from Mr. Simms;

    c. Defendants did not formally interview Mr. Simms or inquire about his duties with Lehman or any other prior employer;

    d. Defendants did not request or receive a list of professional references from Mr. Simms; and

    e. Defendants did not, to the best of Plaintiff's knowledge, information and belief, contact any person to whom Mr. Simms had reported at Lehman, or at Mr. Simms' other prior employers, to inquire of his duties or responsibilities while employed there.

16. Each and every representation of material fact that Mr. Simms made to Defendants, or any of them during the process of Defendants' recruiting and hiring him was truthful.

17. To lure Mr. Simms away from Lehman, Defendants offered him:

    a. The position of Chief Executive Officer;

    b. An initial annual base salary of $1,200,000;

    c. An immediately vested 15% interest in BSP;

    d. Reimbursement for payments on the Lehman Loan;

    e. Reimbursement for business travel and entertainment expenses;

    f. Participation in all employee health and pension benefit plans; and

    g. In the event Defendants terminate Mr. Simms without cause, one year's salary paid over six months; payment of COBRA premiums for Mr. Simms and his family; and $15,000 for outplacement services, due on the first day of the first month following termination.

18. On October 30, 2007, Mr. Simms offered and BSV accepted a loan from Mr. Simms in the amount of $200,000.00, which BSV agreed to repay with interest at the rate of 10 percent ("BSV Loan").

19. At no time did Defendants have "Cause," as defined in the Employment Agreement, to terminate the Employment Agreement.

20. Mr. Simms has remained at all times ready, willing, and able to perform his duties under the Employment Agreement.

21. On or about December 5, 2007, Defendants informed Mr. Simms by email that they considered the Employment Agreement null and void.

22. Defendants have failed and refused to honor their obligations to Mr. Simms under the Employment Agreement, including without limitation, by:

    a. Failing and refusing to pay Mr. Simms' salary pursuant to the Employment Agreement for and after October 2007;

    b. Failing and refusing to reimburse Mr. Simms pursuant to the Employment Agreement for travel and entertainment expenses;

    c. Failing and refusing to provide Mr. Simms pursuant to the Employment Agreement employee welfare and pension benefits;

    d. Failing and refusing to repay the BSV loan or any interest accruing thereon; and

    e. Anticipatorily refusing to honor their obligations under the Employment Agreement to pay reimbursement on the Lehman Loan, to pay Mr. Simms severance, to pay Mr. Simms $15,000 for outplacement services, and to pay COBRA premiums for Mr. Simms and his family; and

    f. Anticipatorily refusing to repurchase, or make arrangements to calculate and repurchase, Mr. Simms' 15% equity interest in BSP pursuant to the Employment Agreement.

## COUNT I
## BREACH OF EXPRESS CONTRACT

23. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 22.

24. Through the acts and omissions alleged in this Complaint, Defendants have breached the Employment Agreement.

25. As a result of Defendants' breach, Mr. Simms has suffered and will continue to suffer damages in an amount to be proven at trial.

26. Defendants have withheld, and continue to withhold, benefits to which Mr. Simms is patently entitled and have done so in bad faith, vexatiously, wantonly, and for oppressive reasons.

27. As de facto general partners of BSV, BSP, and BSF, Defendants Davis and Laettner are jointly and severally liable for all damages assessed against BSV, BSP, and/or BSF.

WHEREFORE, Plaintiff demands judgment against all Defendants for an amount to be proven at trial, reasonable attorney's fees and costs, and such other and further relief as the Court deems proper and just.

## COUNT II
## TORTIOUS BREACH OF CONTRACT

28. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 27.

29. Defendants' breach of the Employment Agreement and the BSV Loan merged with and assumed the character of a willful tort because it was calculated, flagrant, and in disregard of obligations of trust.

30. Defendants have withheld, and continue to withhold, benefits to which Mr. Simms is patently entitled and have done so in bad faith, vexatiously, wantonly, and for oppressive reasons.

31. As de facto general partners of BSV, BSP, and BSF, Defendants Davis and Laettner are jointly and severally liable for all damages assessed against BSV, BSP, and/or BSF.

WHEREFORE, Plaintiff demands judgment against all Defendants for an amount of damages to be proven at trial, plus punitive damages, reasonable attorney's fees and costs, and such other and further relief as the Court deems proper and just.

## COUNT III
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

32. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 31.

33. The Employment Agreement and BSV Loan included an implied covenant of good faith and fair dealing that prohibited Defendants from acting or failing to act in any way that would have the effect of destroying or injuring Plaintiff's right to receive the fruits of the agreements.

34. Through the acts and omissions alleged in this Complaint, Defendants have breached the implied covenant of good faith and fair dealing.

35. As a result of Defendants' breach of the implied covenant of good faith and fair dealing, Mr. Simms has suffered and will continue to suffer damages in an amount to be proven at trial.

36. Defendants' conduct was willful, calculated, flagrant, and in disregard of obligations of trust.

37. Defendants have withheld, and continue to withhold, benefits to which Mr. Simms is patently entitled and have done so in bad faith, vexatiously, wantonly, and for oppressive reasons.

38. As de facto general partners of BSV, BSP, and BSF, Defendants Davis and Laettner are jointly and severally liable for all damages assessed against BSV, BSP, and/or BSF.

WHEREFORE, Plaintiff demands judgment against all Defendants for an amount of damages to be proven at trial, plus punitive damages, reasonable attorney's fees and costs, and such other and further relief as the Court deems proper and just.

## COUNT IV
## ANTICIPATORY BREACH OF CONTRACT

39. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 38.

40. Pursuant to the Employment Agreement, Plaintiff is entitled to ongoing payments and benefits, including without limitation, severance payments equivalent to one year's salary

paid over six months, reimbursement on the Lehman Loan, $15,000 for outplacement services, and payment of COBRA premiums throughout the COBRA period for Mr. Simms and his family.

41.     Defendants have confirmed that they do not intend to honor their obligations to Mr. Simms under the Employment Agreement, including those that have accrued and those that will accrue.

42.     As a result of Defendants' anticipatory breach of contract, Mr. Simms has suffered and will continue to suffer damages in an amount to be proven at trial.

43.     Defendants have withheld, and continue to withhold, benefits to which Mr. Simms is patently entitled and have done so in bad faith, vexatiously, wantonly, and for oppressive reasons.

44.     As de facto general partners of BSV, BSP, and BSF, Defendants Davis and Laettner are jointly and severally liable for all damages assessed against BSV, BSP, and/or BSF.

WHEREFORE, Plaintiff demands judgment against all Defendants for an amount to be proven at trial, reasonable attorney's fees and costs, and such other and further relief as the Court deems proper and just.

**COUNT IV - BREACH OF IMPLIED CONTRACT**
**(ASSERTED IN THE ALTERNATIVE)**

45.     Plaintiff incorporates by reference the allegations of Paragraphs 1 through 44.

46.     Mr. Simms rendered valuable services to Defendants at their request, which services were accepted by them under circumstances that reasonably notified them that Mr. Simms expected Defendants to pay him, and that would make it unjust for them to retain the services without paying for them. The parties reached agreement as to all the material terms,

including Mr. Simms' compensation, as expressed in precise terms in the Employment Agreement.

47. Through the acts and omissions alleged in this Complaint, Defendants have breached the contract implied in law.

48. As a result of Defendants' breach, Mr. Simms has suffered and will continue to suffer damages in an amount to be proven at trial.

49. Defendants' conduct was willful, calculated, flagrant, and in disregard of obligations of trust.

50. Defendants have withheld, and continue to withhold, benefits to which Mr. Simms is patently entitled and have done so in bad faith, vexatiously, wantonly, and for oppressive reasons.

51. As de facto general partners of BSV, BSP, and BSF, Defendants Davis and Laettner are jointly and severally liable for all damages assessed against BSV, BSP, and/or BSF.

WHEREFORE, Plaintiff demands judgment against all Defendants for an amount of damages to be proven at trial, plus punitive damages, reasonable attorney's fees and costs, and such other and further relief as the Court deems proper and just.

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

By: _____
Alisa H. Reff, Esq.
D.C. Bar No. 423113
1500 K Street, N.W.
Washington, D.C. 20005-1209
Tel:   (202) 842-8852
Fax:   (202) 842-8465

Of Counsel

Thomas J. Barton, Esq.
James G. Fannon, Esq.
(*Motions Pro Hac Vice to be filed presently*)
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103-6996
Tel:    (215) 988-2863
Fax:    (215) 988-2757

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
BRYAN H. SIMMS

88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
Ball Street Ventures, LLC
Ball Street Partners, LLC
Ball Street Fund, LLC
Brian K. Davis
Christian Laettner

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Alisa H. Reff, Esq.
D.C. Bar No. 423113
1500 K Street, N.W., #1100
Washington, D.C.  20005-1209
Tel: (202) 842-8852

ATTORNEYS (IF KNOWN)

Case: 1:08-cv-00177
Assigned To : Roberts, Richard W.
Assign. Date : 1/30/2008
Description: Contract

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ⊙ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ⊙ 4 |
| Citizen of Another State | ⊙ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Breach of contract. 28 USC 1330

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 1/30/08   SIGNATURE OF ATTORNEY OF RECORD _____

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.