IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **BRYAN H. SIMMS** | : | |
| **32 Hitchcock Rd.** | : | |
| **Westport, CT 06880,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case:  1:08-cv-00177-RWR** |
| **v.** | : | **Hon. Richard W. Roberts** |
| | : | |
| **BALL STREET VENTURES, LLC** | : | |
| **1000 Wisconsin Ave., N.W., Suite G-100** | : | |
| **Washington, D.C. 20007;** | : | |
| | : | |
| **BALL STREET PARTNERS, LLC** | : | |
| **1000 Wisconsin Ave., N.W., Suite G-100** | : | |
| **Washington, D.C. 20007;** | : | |
| | : | |
| **BALL STREET FUND, LLC** | : | |
| **1000 Wisconsin Ave., N.W., Suite G-100** | : | |
| **Washington, D.C. 20007;** | : | |
| | : | |
| **CHRISTIAN LAETTNER** | : | |
| **1041 Ponte Verda Blvd.** | : | |
| **Ponte Verda Beach, FL 32082; and** | : | |
| | : | |
| **BRIAN K. DAVIS** | : | |
| **2230 Massachusetts Ave., N.W.** | : | |
| **Washington, D.C. 20008,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## DEFENDANTS' ANSWER TO COMPLAINT AND COUNTERCLAIMS

Defendants Ball Street Ventures, LLC and Ball Street Partners, LLC, ("Defendants"),

through their attorneys, submit the following Answer to the Complaint of Plaintiff Bryan H.

Simms ("Plaintiff")[1], and Counterclaims:

---

[1] Defendants are contemporaneously filing a Motion to Dismiss Counts II and III of Plaintiff's
Complaint, and thus do not file an Answer to those Counts.

## PARTIES

1.      Plaintiff Bryan H. Simms is a natural person, domiciled at the address set forth in the caption, and a citizen of the state of Connecticut.

**ANSWER:**    Defendants admit that Plaintiff Bryan H. Simms is a natural person.  Defendants

are without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 1 and therefore deny them.

2.      To the best of Plaintiff's knowledge, information and belief, Defendant Ball Street Ventures ("BSV") is a Delaware limited liability corporation with its principal place of business in the District of Columbia at the address set forth in the caption.  Also to the best of Plaintiff's knowledge, information and belief, Defendant Ball Street Ventures is registered to conduct business in the District of Columbia and has Corporation Service Company, 1090 Vermont Ave., N.W., Washington, DC 20005 ("CSC") as its registered agent for service in the District of Columbia.  Also to the best of Plaintiff's knowledge, information and belief, Defendant Ball Street Ventures is not registered to conduct business, and has no registered agent for service, in the Commonwealth of Virginia.

**ANSWER:**    Admitted.

3.      To the best of Plaintiff's knowledge, information and belief, Defendant Ball Street Partners ("BSP") is a Delaware limited liability corporation with its principal place of business in the District of Columbia at the address set forth in the caption.  Also to the best of Plaintiff's knowledge, information and belief, Defendant Ball Street Partners is not registered to conduct business, and has no registered agent for service, in the District of Columbia.  Also to the best of Plaintiff's knowledge, information and belief, Defendant Ball Street Partners is not registered to conduct business, and has no registered agent for service, in the Commonwealth of Virginia.

**ANSWER:**    Admitted.

4.      To the best of Plaintiff's knowledge, information and belief, Defendant Ball Street Fund ("BSF") is a Delaware limited liability corporation with its principal place of business in the District of Columbia at the address set forth in the caption.  Also to the best of Plaintiff's knowledge, information and belief, Defendant Ball Street Fund is registered to conduct business, and has CSC as its registered agent for service, in the District of Columbia. Also to the best of Plaintiff's knowledge, information and belief, Defendant Ball Street Fund is not registered to conduct business, and has no registered agent for service, in the Commonwealth of Virginia.

**ANSWER:**    Admitted.

5.      Defendants BSV, BSP, and BSF shared and co-determined matters governing essential terms and conditions of employment and were Mr. Simms' joint employers.

**ANSWER:**      Denied.


6.      Defendant Christian Laettner is a natural person who, to the best of Plaintiff's knowledge, information and belief, is domiciled at the address set forth in the caption and a citizen of the state of Florida.

**ANSWER:**      Admitted.


7.      Defendant Brian K. Davis is a natural person who, to the best of Plaintiff's knowledge, information and belief, is domiciled at the address set forth in the caption and a citizen of the District of Columbia.

**ANSWER:**      Admitted.


## JURISDICTION

8.      The Court has original jurisdiction of this civil action because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. § 1332.

**ANSWER:**      Admitted.


## VENUE

9.      Venue is proper because some of the Defendants reside, and a substantial part of the events giving rise to the claims occurred, in this judicial district. 28 U.S.C. § 1391(b).

**ANSWER:**      Admitted.


## FACTUAL ALLEGATIONS

10.      Defendants BSV and BSP entered into a valid and enforceable Employment Agreement with Mr. Simms effective September 10, 2007, engaging him as BSV's Chief Executive Officer ("Employment Agreement").

**ANSWER:**      Defendants admit that they entered into an employment agreement with Plaintiff

on or about September 10, 2007, the form of which is attached hereto as Exhibit A.  Defendants

further admit that the terms of the agreement were as stated in Exhibit A.  Defendant deny that

the agreement is valid and enforceable.


11.    Mr. Davis took the lead in recruiting Mr. Simms away from at Lehman Brothers of New York ("Lehman").  Mr. Davis and Mr. Simms had been friendly for approximately eighteen (18) years, having met in college and remaining in contact during that time, through which Mr. Davis acquired knowledge of Mr. Simms' career as it developed.

**ANSWER:**    Defendants admit that Mr. Davis and Mr. Simms met in college.  Defendants deny

the remaining allegations of Paragraph 11.


12.    After recruiting Mr. Simms for some time, Defendants made him an offer sufficient to lure him away from the lucrative and successful career he had built at Lehman.

**ANSWER:**    Defendants admit that they made an offer of employment to Plaintiff.  Defendants

deny the remaining allegations of Paragraph 12.


13.    In offering Mr. Simms employment, Defendants acknowledged that Mr. Simms was resigning from his position as Senior Vice President with Lehman to accept their offer of employment.

**ANSWER:**    Defendants admit that the employment agreement applicable to Plaintiff (Exhibit

A) states that Defendants so acknowledged.  Defendants deny the remaining allegations of

Paragraph 13.


14.    Defendants further acknowledged that Mr. Simms would have an obligation to repay Lehman a loan in the principal amount of $742,847.16, plus interest at Lehman's margin rate of interest ("Lehman Loan"), which loan would have been forgiven had Mr. Simms not left Lehman to accept Defendants' employment offer.

**ANSWER:**    Defendants admit that the employment agreement applicable to Plaintiff (Exhibit

A) states that Defendants so acknowledged.  Defendants deny the remaining allegations of

Paragraph 14.


15.    In the process of recruiting and hiring Mr. Simms,

a.      Defendants did not request or receive a resume from Mr. Simms;

b.      Defendants did not request or receive an employment application from Mr. Simms;

c.      Defendants did not formally interview Mr. Simms or inquire about his duties with Lehman or any other prior employer;

d.      Defendants did not request or receive a list of professional references from Mr. Simms; and

e.      Defendants did not, to the best of Plaintiff's knowledge, information and belief, contact any person to whom Mr. Simms had reported at Lehman, or at Mr. Simms' other prior employers, to inquire of his duties or responsibilities while employed there.

**ANSWER:**   Denied.

16.   Each and every representation of material fact that Mr. Simms made to Defendants, or any of them during the process of Defendants' recruiting and hiring him was truthful.

**ANSWER:**   Denied.

17.   To lure Mr. Simms away from Lehman, Defendants offered him:

a.      The position of Chief Executive Officer;

b.      An initial annual base salary of $1,200,000;

c.      An immediately vested 15% interest in BSP;

d.      Reimbursement for payments on the Lehman Loan;

e.      Reimbursement for business travel and entertainment expenses;

f.      Participation in all employee health and pension benefit plans; and

g.      In the event Defendants terminate Mr. Simms without cause, one year's salary paid over six months; payment of COBRA premiums for Mr. Simms and his family; and $15,000 for outplacement services, due on the first day of the first month following termination.

**ANSWER:**   Defendants admit that the terms of Plaintiff's employment were as stated in the employment agreement applicable to Plaintiff (Exhibit A).  To the extent that the allegations of Paragraph 17 are inconsistent with that agreement, Defendants deny them.

18.   On October 30, 2007, Mr. Simms offered and BSV accepted a loan from Mr. Simms in the amount of $200,000.00, which BSV agreed to repay with interest at the rate of 10 percent ("BSV Loan").

**ANSWER:**   Defendants admit that on or about October 30, 2007, Plaintiff offered a loan in the amount of $200,000, which was accepted.   Defendants deny the remaining allegations of Paragraph 18.

19.   At no time did Defendants have "Cause," as defined in the Employment Agreement, to terminate the Employment Agreement.

**ANSWER:**   Denied.

20.   Mr. Simms has remained at all times ready, willing, and able to perform his duties under the Employment Agreement.

**ANSWER:**   Denied.

21.   On or about December 5, 2007, Defendants informed Mr. Simms by email that they considered the Employment Agreement null and void.

**ANSWER:**   Admitted.

22.   Defendants have failed and refused to honor their obligations to Mr. Simms under the Employment Agreement, including without limitation, by:

   a.   Failing and refusing to pay Mr. Simms' salary pursuant to the Employment Agreement for and after October 2007;
   b.   Failing and refusing to reimburse Mr. Simms pursuant to the Employment Agreement for travel and entertainment expenses;
   c.   Failing and refusing to provide Mr. Simms pursuant to the Employment Agreement employee welfare and pension benefits;
   d.   Failing and refusing to repay the BSV loan or any interest accruing thereon; and
   e.   Anticipatorily refusing to honor their obligations under the Employment Agreement to pay reimbursement on the Lehman Loan, to pay Mr. Simms severance, to pay Mr. Simms $15,000 for outplacement services, and to pay COBRA premiums for Mr. Simms and his family; and
   f.   Anticipatorily refusing to repurchase, or make arrangements to calculate and repurchase, Mr. Simms' 15% equity interest in BSP pursuant to the Employment Agreement.

**ANSWER:**   Denied.

## COUNT I
## BREACH OF EXPRESS CONTRACT

23.     Plaintiff incorporates by reference the allegations of Paragraphs 1 through 22.

**ANSWER:**   Defendants incorporate by reference their responses to the allegations of Paragraphs 1 through 22, as if fully restated herein.

24.     Through the acts and omissions alleged in this Complaint, Defendants have breached the Employment Agreement.

**ANSWER:**   Denied.

25.     As a result of Defendants' breach, Mr. Simms has suffered and will continue to suffer damages in an amount to be proven at trial.

**ANSWER:**   Denied.

26.     Defendants have withheld, and continue to withhold, benefits to which Mr. Simms is patently entitled and have done so in bad faith, vexatiously, wantonly, and for oppressive reasons.

**ANSWER:**   Denied.

27.     As de facto general partners of BSV, BSP, and BSF, Defendants Davis and Laettner are jointly and severally liable for all damages assessed against BSV, BSP, and/or BSF.

**ANSWER:**   Denied.

## COUNT IV
## ANTICIPATORY BREACH OF CONTRACT

39.     Plaintiff incorporates by reference the allegations of Paragraphs 1 through 38.

**ANSWER:**   Defendants incorporate by reference their responses to the allegations of Paragraphs 1 through 27, as if fully restated herein.

40.     Pursuant to the Employment Agreement, Plaintiff is entitled to ongoing payments and benefits, including without limitation, severance payments equivalent to one year's salary paid over six months, reimbursement on the Lehman Loan, $15,000 for outplacement services,

and payment of COBRA premiums throughout the COBRA period for Mr. Simms and his family.

**ANSWER:**     Defendants state that the terms of the employment agreement (Exhibit A) speak

for themselves.   Defendants deny that Plaintiff is entitled to any of the listed payments and

benefits.

41.     Defendants have confirmed that they do not intend to honor their obligations to Mr. Simms under the Employment Agreement, including those that have accrued and those that will accrue.

**ANSWER:**     Defendants deny that they have any outstanding obligations to Plaintiff.

42.     As a result of Defendants' anticipatory breach of contract, Mr. Simms has suffered and will continue to suffer damages in an amount to be proven at trial.

**ANSWER:**     Denied.

43.     Defendants have withheld, and continue to withhold, benefits to which Mr. Simms is patently entitled and have done so in bad faith, vexatiously, wantonly, and for oppressive reasons.

**ANSWER:**     Denied.

44.     As de facto general partners of BSV, BSP, and BSF, Defendants Davis and Laettner are jointly and severally liable for all damages assessed against BSV, BSP, and/or BSF.

**ANSWER:**     Denied.

### COUNT IV -
### BREACH OF IMPLIED CONTRACT (ASSERTED IN THE ALTERNATIVE)

45.     Plaintiff incorporates by reference the allegations of Paragraphs 1 through 44.

**ANSWER:**     Defendants incorporate by reference their responses to the allegations of

Paragraphs 1 through 27, and 39 through 44, as if fully restated herein.

46.     Mr. Simms rendered valuable services to Defendants at their request, which services were accepted by them under circumstances that reasonably notified them that Mr.

Simms expected Defendants to pay him, and that would make it unjust for them to retain the services without paying for them.  The parties reached agreement as to all the material terms, including Mr. Simms' compensation, as expressed in precise terms in the Employment Agreement.

**ANSWER:**     Denied.


47.     Through the acts and omissions alleged in this Complaint, Defendants have breached the contract implied in law.

**ANSWER:**     Denied.


48.     As a result of Defendants' breach, Mr. Simms has suffered and will continue to suffer damages in an amount to be proven at trial.

**ANSWER:**     Denied.


49.     Defendants' conduct was willful, calculated. flagrant, and in disregard of obligations of trust.

**ANSWER:**     Denied.


50.     Defendants have withheld, and continue to withhold, benefits to which Mr. Simms is patently entitled and have done so in bad faith, vexatiously, wantonly, and for oppressive reasons.

**ANSWER:**     Denied.


51.     As de facto general partners of BSV, BSP, and BSF, Defendants Davis and Laettner are jointly and severally liable for all damages assessed against BSV, BSP, and/or BSF.

**ANSWER:**     Denied.


## <u>ADDITIONAL DEFENSES</u>

### First Affirmative Defense

Plaintiff's claims are barred because they fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred because the agreement on which those claims rely is voidable and/or unenforceable because of fraudulent inducement.

### Third Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

### Fourth Affirmative Defense

Plaintiff's claims are barred by Plaintiff's failure to mitigate his damages.

### Fifth Affirmative Defense

Plaintiff's claims are barred by the doctrine of unilateral mistake.

## COUNTERCLAIM

Defendants/Counter-plaintiffs Ball Street Ventures, L.L.C. ("BSV") and Ball Street Partners, L.L.C ("BSP"), through their attorneys, hereby state as follows for their Counterclaims against Plaintiff/Counter-defendant Bryan H. Simms ("Simms"):

### The Parties

1.      Counter-plaintiff BSV is a Delaware limited liability corporation, with its principal place of business in the District of Columbia.  Its members are Brian K. Davis, a citizen of the District of Columbia, and Christian Laettner, a citizen of the state of Florida.

2.      Counter-plaintiff BSP is a Delaware limited liability corporation, with its principal place of business in the District of Columbia.  Its members are Brian K. Davis, a citizen of the District of Columbia, and Christian Laettner, a citizen of the state of Florida.

3.      Counter-defendant Simms was formerly employed as BSV's Chief Executive Officer, and upon information and belief, is a citizen of Connecticut.

### Jurisdiction and Venue

4.      Based on Simms' representations in his Complaint regarding his citizenship, this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332, because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Venue in this District is proper pursuant to §1391(a).

### Background

6.      BSV and BSP are real estate development companies, formed to capitalize on development opportunities in the District of Columbia and other areas of the United States.

7.      Early in 2007, Simms approached Davis about the potential for doing business together.  Simms was aware of the real estate ventures Davis had been undertaking, and represented to Davis that he would be able to assist Davis greatly with those ventures.

8.      As a result of their shared college experience at Duke University, Brian Davis ("Davis"), a member of BSV and BSP, and Simms had been acquainted for nearly twenty years.

9.      The long-standing relationship between Simms and Davis gave rise to Davis placing a great deal of trust in Simms.

10.      Further, Simms' representations about his experience at Lehman Brothers, to both Davis and other representatives of BSV, caused Davis to believe that Simms would be a valuable addition to the BSV team.

11.      Davis therefore decided to hire Simms as the Chief Executive Officer for BSV, and, on or about September 10, 2007, entered into an agreement with Simms regarding his employment.

## COUNT I:  FRAUDULENT INDUCEMENT

12.      Counter-plaintiffs reallege and incorporate by reference all allegations contained in Paragraphs 1 through 11, as if fully restated herein.

13.      Prior to his employment with BSV and in the course of negotiations leading to that employment, Simms represented to Davis, as well as to in-house counsel for BSV, that he was a successful executive with Lehman Brothers.

14.      Specifically, Simms stated that he had personally managed $2½ billion in funds while he was at Lehman Brothers, as his own personal book of business.

15.      Simms also stated that, immediately upon leaving his employment with Lehman Brothers, he would be in a position to approach his personal clients and entice them to invest in

BSV.  Simms stated that he had the approval of representatives of Lehman Brothers to so solicit his clients for BSV.

16.     In addition to misrepresenting his employment with Lehman Brothers and other factual misrepresentations, Simms also falsely told Davis that he would bring $20 million in capital to invest in BSV.

17.     The statements, or misrepresentations, also made to third parties by Davis and Timothy Clinton, and never corrected, described in Paragraphs 13 through 16 were false representations.

18.     Simms intentionally and knowingly made the misrepresentations described in Paragraphs 13 through 16.

19.     In making the misrepresentations described above, Simms intended to mislead BSV and BSP.

20.     BSV and BSP relied upon Simms' misrepresentations in offering employment to Simms, and would not have entered into an employment agreement with Simms had the misrepresentations not been made.

21.     As a result of their reliance on Simms' misrepresentations, BSV and BSP have suffered damages.

WHEREFORE, Counter-plaintiffs respectfully request that this Court grant it the following relief:

a.     Award Counter-plaintiffs damages for all compensable injuries, in an amount to be proven at trial, in an amount to be proven at trial but currently believed to exceed $250,000;

b.     Award Counter-plaintiffs exemplary and punitive damages in an amount to be proven at trial;

c.      Assess  and  award  Counter-plaintiffs  interest  upon  the  damages  awarded, including prejudgment interest; and

d.      Grant Counter-plaintiffs any and all other relief it deems just, including costs and fees.

## COUNT II:  BREACH OF CONTRACT

22.      Counter-plaintiffs reallege and incorporate by reference all allegations contained in Paragraphs 1 through 21, as if fully restated herein.

23.      On or about September 10, 2007, Simms signed an Employment Agreement with BSV and BSP.

24.      The terms of that Agreement required Simms to devote his "effort, time, energy, and skill" to the duties of Chief Executive Officer for BSV.

25.      During the term of his employment with BSV, Simms failed to properly devote his effort, time, energy, and skill to his duties for BSV.  For example, Simms did not reach out to his clients to raise monies he had promised.

26.      Simms has therefore breached his Employment Agreement with BSV and BSP.

27.      As a result of Simms' breach of his Employment Agreement, BSV and BSP have been damaged.

WHEREFORE, Counter-plaintiffs respectfully request that this Court grant them the following relief:

a.      Award Counter-plaintiffs damages for all compensable injuries, in an amount to be proven at trial but currently believed to exceed $250,000;

b.      Assess  and  award  Counter-plaintiffs  interest  upon  the  damages  awarded, including prejudgment interest; and

14

c.      Grant Counter-plaintiffs any and all other relief it deems just, including costs and fees.

### COUNT III:  CONSTRUCTIVE FRAUD

28.     Counter-plaintiffs reallege and incorporate by reference all allegations contained in Paragraphs 1 through 27, as if fully restated herein.

29.     The statements, or misrepresentations, described in Paragraphs 13 through 16 were false representations.

30.     Simms made the misrepresentations described in Paragraphs 13 through 16 innocently or negligently.

31.     BSV and BSP relied upon Simms' misrepresentations in offering employment to Simms, and would not have entered into an employment agreement with Simms had the misrepresentations not been made.

32.     As a result of their reliance on Simms' misrepresentations, BSV and BSP have suffered damages.

WHEREFORE, Counter-plaintiffs respectfully request that this Court grant it the following relief:

a.      Award Counter-plaintiffs damages for all compensable injuries, in an amount to be proven at trial, in an amount to be proven at trial but currently believed to exceed $250,000;

b.      Award Counter-plaintiffs exemplary and punitive damages in an amount to be proven at trial;

c.      Assess and award Counter-plaintiffs interest upon the damages awarded, including prejudgment interest; and

d.      Grant Counter-plaintiffs any and all other relief it deems just, including costs and fees.

**<u>JURY DEMANDED</u>**

Defendants demand a trial by jury of all issues triable by a jury under Rule 38 of the

Federal Rules of Civil Procedure.


Dated:  April 24, 2008                        Respectfully submitted,

                                             By:  /s/ Jeffrey S. Jacobovitz
                                             Jeffrey S. Jacobovitz, Esq.
                                             Schiff Hardin LLP
                                             D.C. Bar # 346569
                                             1666 K Street, N.W., Suite 300
                                             Washington, D.C. 20006
                                             Tel:  (202) 778-6400
                                             Fax:  (202) 778-6460
                                             Email:  jjacobovitz@schiffhardin.com

                                             *Attorney for Defendants Ball Street Ventures, L.L.C.*
                                             *and Ball Street Partners, L.L.C.*