IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRYAN H. SIMMS**<br>32 Hitchcock Rd.<br>Westport, CT 06880, | :<br>:<br>:<br>: |
| Plaintiff, | :<br>: |
| v. | : Case: 1:08-cv-00177-RWR<br>: Hon. Richard W. Roberts<br>: |
| **BALL STREET VENTURES, LLC**<br>1000 Wisconsin Ave., N.W., Suite G-100<br>Washington, D.C. 20007; | :<br>:<br>:<br>: |
| **BALL STREET PARTNERS, LLC**<br>1000 Wisconsin Ave., N.W., Suite G-100<br>Washington, D.C. 20007; | :<br>:<br>:<br>: |
| **BALL STREET FUND, LLC**<br>1000 Wisconsin Ave., N.W., Suite G-100<br>Washington, D.C. 20007; | :<br>:<br>:<br>: |
| **CHRISTIAN LAETTNER**<br>1041 Ponte Verda Blvd.<br>Ponte Verda Beach, FL 32082; and | :<br>:<br>:<br>: |
| **BRIAN K. DAVIS**<br>2230 Massachusetts Ave., N.W.<br>Washington, D.C. 20008, | :<br>:<br>:<br>: |
| Defendants. | :<br>: |

**DEFENDANTS' MOTION TO DISMISS BALL STREET FUND, BRIAN K. DAVIS AND
CHRISTIAN LAETTNER AS PARTIES TO THE ACTION AND
<u>TO DISMISS COUNTS II AND III OF PLAINTIFF'S COMPLAINT</u>**

Defendants Ball Street Ventures, L.L.C. ("Ventures"), Ball Street Partners, L.L.C. ("Partners"), Ball Street Fund, L.L.C. ("Fund"), Christian Laettner ("Laettner"), and Brian K. Davis ("Davis") (collectively, "Defendants"), by and through their undersigned counsel, respectfully move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss

Fund, Davis and Laettner as parties to this action, and to dismiss Counts II and III of Plaintiff's Complaint. In support of this Motion, the Defendants submit their supporting points and authorities in support of their motion to dismiss and state as follows:

1. Plaintiff Bryan H. Simms ("Simms") asserts a number of claims against his former employers, Ventures and Partners, as well as against two members of those entities, Davis and Laettner, and another entity that played no role in his employment, Fund.

2. Simms' claims generally arise out of an alleged breach of the employment agreement between Simms, Ventures, and Partners.

3. In his Complaint, Simms attempts to expand this alleged breach of contract to include impermissible claims of tortious breach of contract and breach of the covenant of good faith and fair dealing.

4. Further seeking to expand the reach of his Complaint, Simms attempts to add improper defendants to this action, including Davis, Laettner, and Fund.

5. The aforementioned allegations should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), because they fail to state a claim upon which relief can be granted.

**WHEREFORE**, for the above reasons, and for the reasons detailed in Defendants' Statement of Points and Authorities in Support of their Motion to Dismiss, Defendants respectfully request that this Court dismiss Fund, Davis, and Laettner as parties to this action, and dismiss Counts II and III of Plaintiff's Complaint.

April 24, 2008

Respectfully submitted,

SCHIFF HARDIN LLP

By: /s/ Jeffrey S. Jacobovitz
Jeffrey S. Jacobovitz, Esq.
D.C. Bar # 346569
1666 K Street, N.W., Suite 300
Washington, D.C. 20006
Tel:  (202) 778-6400
Fax:  (202) 778-6460
Email:  jjacobovitz@schiffhardin.com
*Attorney for Defendants Ball Street Ventures, LLC; Ball Street Partners, LLC, Ball Street Fund, LLC, Christian Laettner, and Brian K. Davis*

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRYAN H. SIMMS<br>32 Hitchcock Rd.<br>Westport, CT 06880, | :<br>:<br>:<br>: |
| Plaintiff, | :<br>: |
| v. | : Case: 1:08-cv-00177-RWR<br>: Hon. Richard W. Roberts |
| BALL STREET VENTURES, LLC<br>1000 Wisconsin Ave., N.W., Suite G-100<br>Washington, D.C. 20007; | :<br>:<br>:<br>: |
| BALL STREET PARTNERS, LLC<br>1000 Wisconsin Ave., N.W., Suite G-100<br>Washington, D.C. 20007; | :<br>:<br>:<br>: |
| BALL STREET FUND, LLC<br>1000 Wisconsin Ave., N.W., Suite G-100<br>Washington, D.C. 20007; | :<br>:<br>:<br>: |
| CHRISTIAN LAETTNER<br>1041 Ponte Verda Blvd.<br>Ponte Verda Beach, FL 32082; and | :<br>:<br>:<br>: |
| BRIAN K. DAVIS<br>2230 Massachusetts Ave., N.W.<br>Washington, D.C. 20008, | :<br>:<br>:<br>: |
| Defendants. | :<br>: |

**DEFENDANTS' STATEMENT OF POINTS AND AUTHORITIES
IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants Ball Street Ventures, L.L.C. ("Ventures"), Ball Street Partners, L.L.C. ("Partners"), Ball Street Fund, L.L.C. ("Fund"), Brian K. Davis ("Davis"), and Christian Laettner ("Laettner"), through their attorneys, submit the following memorandum of law in support of their Motion to Dismiss Fund, Davis, and Laettner as parties to this action, and to Dismiss Counts II and III of Plaintiff's Complaint.

**INTRODUCTION**

Plaintiff Bryan H. Simms ("Simms") asserts a number of claims against his former employers, Ventures and Partners, as well as against two members of those entities, Davis and Laettner, and another entity that played no role in his employment, Fund. Simms' claims essentially arise out of an alleged breach of the employment agreement between Simms, Ventures, and Partners. In his Complaint, however, Simms attempts to expand this alleged breach of contract to include impermissible claims of tortious breach of contract and breach of the covenant of good faith and fair dealing. Further seeking to expand the reach of his Complaint, Simms attempts to add improper defendants to this action, including Davis, Laettner, and Fund.

In his additional claims, Simms alleges (1) that Defendants not only breached his employment agreement, but did so in such a way to raise the alleged breach to the level of tortious conduct (Complaint, ¶¶ 28-31), and (2) that Defendants, in allegedly breaching his employment agreement, also breached an implied covenant of good faith and fair dealing (Complaint, ¶¶ 32-38). These allegations fail to state a claim and should be dismissed. Neither cause of action is viable under Virginia law, which applies to this action by the terms of the employment agreement Simms alleges defendants breached. (Employment Agreement, attached hereto as Exhibit A ("Ex. A"), at Section 4.3.)

Further, Simms purports to state claims against Davis and Laettner in their individual capacities, and against Fund. Nowhere in his Complaint, however, does Simms allege any action on the part of Fund that would constitute a viable cause of action against that entity. In addition, the only actions Simms alleges on the part of Davis or Laettner are taken in their roles as members of Ventures and Partners, which are not sufficient to impose liability on either Defendant in their individual capacities.

These inappropriate causes of action – found in Counts II and III of Simms' Complaint – should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), as those claims fail to state a claim upon which relief can be granted. Defendants Davis, Laettner, and Fund should also be dismissed pursuant to Rule 12(b)(6), as Simms' Complaint states no cause of action against those defendants.[1]

## BACKGROUND

Ventures and Partners are two of several entities owned by Davis and Laettner, which have a focus on real estate investment and development in various locations on the East Coast, including the District of Columbia. As the entities' development efforts expanded, the need for a Chief Executive Officer to coordinate those efforts became apparent. Simms and Davis attended college together at Duke University. (Complaint, ¶ 11.) As a result, they have been acquainted for nearly twenty years. (Id.) After a period of negotiations, Davis, on behalf of Ventures and Partners, decided to hire Simms as the Chief Executive Officer for Ventures, and, on or about September 10, 2007, entered into an agreement with Simms regarding his employment. (Complaint, ¶¶ 10, 12.)

The employment relationship with Simms, unfortunately, did not turn out as expected. Davis was disappointed with Simms' performance (or lack thereof) as CEO for Ventures, and believed that Simms had not carried through on promises made during the negotiations for his employment. Davis therefore terminated Simms' employment in early December 2007. (Complaint, ¶ 21.)

---

[1] For purposes of this Motion, Defendants assume that the facts as pleaded in the Complaint are true. Defendants, however, reserve the right to dispute those facts in later proceedings.

**ARGUMENT**

Although the crux of Simms' claim is breach of contract, Simms has also pleaded tortious breach of contract and breach of the covenant of good faith and fair dealing. Those claims, which are found in Counts II and III of Simms' Complaint, should be dismissed pursuant to Rule 12(b)(6) because they fail to state a claim. Defendants Davis, Laettner, and Fund should also be dismissed from this action, pursuant to Rule 12(b)(6), because Simms fails to state a claim against them.

**I.     Legal Standards**

While it is true that on a motion to dismiss, all factual allegations in the plaintiff's complaint are accepted as true, a complaint should still be dismissed if its factual allegations do not raise the plaintiff's right to relief "above the speculative level." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007); *Hayes v. Chao*, --- F. Supp. 2d ---, 2008 WL 862155, *2 (D.D.C. Apr. 2, 2008) (attached hereto as Exhibit B); *Newman v. Borders, Inc.*, 530 F. Supp. 2d 346, 348 (D.D.C. 2008) (Roberts, J.). The plaintiff must present more than labels and conclusions; "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65; *Newman*, 530 F. Supp. 2d. at 348. Here, as discussed above, Plaintiff fails to raise his entitlement to relief under several of his claims – and against several of the named defendants – above mere speculation.

**II.    Ball Street Fund Should Be Dismissed as a Party to this Action, as the Complaint Contains No Allegations Specific to Fund.**

Federal Rule of Civil Procedure 8(a) provides that, in bringing a complaint, a plaintiff must allege "a short and plain statement of the claim" that will give the defendant fair notice of what the claim is, and the basis for that claim. Fed. R. Civ. P. 8(a); *Major v. Plumbers Local Union No. 5*, 370 F. Supp. 2d 118, 123 (D.D.C. 2005). When a complaint does not provide the

required "short and plain statement," but instead relies on vague and conclusory statements, the complaint does not comply with Rule 8(a), does not provide the defendant with fair notice of the plaintiff's claims, and is subject to dismissal. *Hilska v. Jones*, 217 F.R.D. 16, 21 (D.D.C. 2003).

Simms provides no "short and plain statement" as to what his claim is against Fund, nor on what basis he makes a claim against that entity. The only allegations in Simms' Complaint specifically directed at Fund are (1) the paragraph wherein he recites the jurisdictional allegations regarding Fund (Complaint, ¶ 4), and (2) his conclusory statement that Fund was a joint employer, with Ventures and Partners, of Simms. (Complaint, ¶ 5.) Neither allegation establishes a cause of action against Fund; in fact, Fund was not even a party to the employment agreement central to Simms' claims. (*See* Ex. A.) Fund therefore has no fair notice of what claims Simms is making against it, and should therefore be dismissed as a party to this action.

### III.     Davis and Laettner, in their Individual Capacities, Should Be Dismissed from this Action.

In his Complaint, Simms attempts to state claims against both Davis and Laettner, in their individual capacities, for the acts allegedly surrounding his employment by Ventures and Partners. Simms repeatedly alleges that "[a]s de facto partners of BSV, BSP, and BSF, Defendants Davis and Laettner are jointly and severally liable for all damages assessed against BSV, BSP, and/or BSF." (Complaint, ¶¶ 27, 31, 38, 44, 51.) Simms fails, however, to allege any conduct by either Davis or Laettner other than acts taken in their roles as members of Ventures or Partners; in fact, he alleges no conduct specifically by Laettner whatsoever. Simms therefore fails to state a claim against either Davis or Laettner in their individual capacities, based on their status as members of the LLCs, and both individuals should be dismissed as defendants to this matter.

5

Simms' claims against all defendants in this matter center on an alleged breach of the employment agreement between Ventures, Partners, and Simms. His attempt to hold Davis and Laettner individually liable for that alleged breach of contract is unavailing. As a general rule, the members of a limited liability company ("LLC") are not liable for contracts made on behalf of the company. 6 Del. C. § 18-303; Restatement (2d) of Agency § 328 (1958) (agent of a disclosed principal is not liable on the contract); *Wierbicki v. Advatech, LLC*, No 1:06-cv-269, 2007 WL 2725944, *4 (E.D. Tenn. Sept. 17, 2007) (attached hereto as Exhibit C) (applying Delaware law). This rule holds true even where the member is the individual who represents the LLC in the contract negotiations and formation, as an LLC (like a corporation) can only act through its members. If the LLC's existence and status is disclosed to the other party, liability does not attach to the individual member acting in a representative capacity. *Cf. Luna v. A.E. Engineering Services*, 938 A.2d 744, 748 (D.C. 2007) (allowing contractual claim against member of LLC because existence of LLC was not disclosed).

In this instance, the employment agreement at issue clearly states that the parties involved are Simms, on the one hand, and the two LLCs (Ventures and Partners), on the other hand. (Ex. A, p. 1.) The existence and status of Ventures and Partners are disclosed in the writing (id.), and admitted by Simms in his Complaint. (Complaint, ¶¶ 2-3.) While the Complaint alleges acts purportedly taken by Davis during the negotiation and formation of the employment agreement (Complaint, ¶ 11.), it also acknowledges that the parties entering into the agreement with Simms were Ventures and Partners. (Complaint, ¶ 10.) Further, the signature page of the agreement itself clearly indicates that Davis was signing the agreement on behalf of the LLCs, in a representative capacity. (Ex. A, p. 8.) Finally, the Complaint offers no allegations regarding acts purportedly undertaken by Laettner, in any capacity.

No basis is presented by Simms for disregarding the general rule limiting the individual liability of LLC members. In fact, the law of limited liability companies specifically precludes the kind of "vicarious liability" Simms seeks to impose on Davis and Laettner. *See, e.g. Wierbicki*, 2007 WL 2725944 at *3 (LLC shields members from types of vicarious liability potentially imposed on partners); *Great Lakes Chem. Corp. v. Monsanto Co.*, 96 F. Supp. 2d 376, 383 (D. Del. 2000) ("LLCs members, unlike partners in general partnerships, may have limited liability, such that LLC members who are involved in managing the LLC may avoid becoming personally liable for its debts and obligations"). Ventures and Partners were formed as LLCs, and thus its members (including Davis and Laettner) are shielded from this type of vicarious liability. Davis and Laettner, in their individual capacities, should therefore be dismissed as defendants to this action.

### IV. Count II Must Be Dismissed Because No Such Cause of Action Exists Under Virginia Law.

Count II of Plaintiff's Complaint attempts to state a claim for tortious breach of contract. Plaintiff's claim must be dismissed because he alleges no independent tort beyond a mere alleged breach of the duties imposed by contract, and therefore does not state a cause of action under Virginia law.[2]

In Virginia, the "economic loss" doctrine bars recovery for tort claims where the plaintiff alleges solely economic damages for the defendant's alleged breach of contract. *See, e.g., City of Richmond v. Madison Mgmt. Group, Inc.*, 918 F.2d 438, 446 (4th Cir. 1990). Thus, tort (punitive) damages are not recoverable when a plaintiff alleges breach of contract. The economic loss doctrine was adopted to restrain the "more or less inevitable efforts of lawyers to

---

[2] The employment agreement with Plaintiff specifies that Virginia law will apply in case of any dispute. (Ex. A, at Section 4.3.)

turn every breach of contract into a tort," and thereby add punitive damages to the list of potentially recoverable damages. *Id.* Such "inevitable efforts" are behind Plaintiff's attempt to claim tort damages for an alleged breach of contract in Count II of his Complaint.

Count II of Plaintiff's Complaint does nothing more than adopt the allegations underlying his claim for breach of contract, with the added allegation that Defendants' alleged breach was "calculated, flagrant, and in disregard of obligations of trust." (Complaint, ¶ 29.) Plaintiff further alleges that Defendants have acted "in bad faith, vexatiously, wantonly, and for oppressive reasons" (Complaint, ¶ 30), justifying his recovery in tort for Defendants' alleged actions. Tort damages, however, are not available for a breach of contract, "regardless of the motives underlying the breach." *17th Street Assoc., LLP v. Markel Int'l Ins. Co. Ltd.*, 373 F. Supp. 2d 584, 599 (E.D. Va. 2005) (citing *Kamlar v. Haley*, 224 Va. 699, 707, 299 S.E.2d 514, 518 (1983)). Such damages are only available where the plaintiff pleads (and proves) an independent tort beyond the breach of contract itself. *Id.* This Plaintiff has failed to do.

In order to establish an independent tort, Plaintiff must establish breach of a duty between himself and Defendants that did not arise solely because of the contractual relationship between the parties. *17th Street Assoc.*, 373 F. Supp. 2d at 599; *Newman v. Fauquier County Public Schools*, 818 F.2d 861, **2 (4th Cir. 1987); *Foreign Mission Bd. v. Wade*. 242 Va. 234, 241, 409 S.E.2d 144, 148 (1991). Nowhere in Plaintiff's Complaint does he allege any duty between him and Defendants aside from those that may have been brought about by the employment contract. Instead, Simms simply relies on Defendants' alleged bad motives for the breach of contract he claims in Count I of his Complaint. Without pleading such a duty independent of the contract, Plaintiff has failed to state a claim for an independent tort. Count II must be dismissed.

8

## V. Count III Must Be Dismissed Because Employment Contracts Contain No Implied Provision of Good Faith and Fair Dealing.

Plaintiff alleges in Count III of his Complaint that Defendants breached an implied covenant of good faith and fair dealing. His claim must be dismissed, however, because Virginia law does not recognize such a claim in connection with employment contracts.

Plaintiff's claims in this case center on his employment with Ventures and Partners, and the termination of that employment. In this claim, he asserts that Defendants, through their actions related to his employment, have breached an implied covenant of good faith and fair dealing that he claims must be read into his employment agreement. (Complaint, ¶¶ 33-34.) Virginia law, however, does not recognize a cause of action for such an implied covenant in connection with employment contracts. *See, e.g., Devnew v. Brown & Brown, Inc.*, 396 F. Supp. 2d 665, 670 (E.D. Va. 2005) ("Virginia law is decidedly straightforward on this matter: the Commonwealth does not recognize a cause of action for breach of an implied covenant of good faith and fair dealing in employment contracts"); *Wright v. St. Charles Water Authority*, No. 0102-032, 2002 WL 31989105, *2 (Va. Cir. Ct. Jul. 11, 2002) (attached hereto as Exhibit D) (no implied covenant of good faith and fair dealing in an employment contract).

While Virginia courts refuse to imply such a covenant into *any* employment contract, the courts are especially resistant to doing so when the employment in question is at-will. Virginia follows the common law employment at-will doctrine. *See, e.g., Spiller v. James River Corp.*, No. LW-2216-3, 1993 WL 946387, *3 (Va. Cir. Ct. Dec. 23, 1993) (attached hereto as Exhibit E). The doctrine provides that when no term of employment is specified, the employment is presumed to be at will – meaning that either the employer or the employee can end the employment without incurring liability for wrongful discharge. *Id.* Recognition of an implied covenant of good faith and fair dealing in an employment contract would run counter to this

9

doctrine, and thus courts have even more strongly refused to imply such a covenant. *Id.; see also Wright*, 2002 WL 31989105 at *2 (no authority to imply such a covenant in an at-will employment contract); *Schryer v. VBR*, No. 101692, 1991 WL 835295, *3 (Va. Cir. Ct. Nov. 13, 1991) (same) (attached hereto as Exhibit F).

The employment agreement between Plaintiff and Defendants contains no set term of employment (*see* Ex. A), nor do Plaintiff's allegations even suggest that such a set term existed. Plaintiff's employment was therefore at-will, and Virginia's strong resistance to implying a covenant of good faith and fair dealing in such a contract is therefore especially applicable here. Count III of Plaintiff's Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss Ball Street Fund, L.L.C., Brian K. Davis, and Christian Laettner as parties to this action, dismiss Counts II and III of Plaintiff's Complaint with prejudice, and grant such other relief as the Court may consider just.

Dated:  April 24, 2008                      Respectfully submitted,

By: /s/ Jeffrey S. Jacobovitz
Jeffrey S. Jacobovitz, Esq.
Schiff Hardin LLP
D.C. Bar # 346569
1666 K Street, N.W., Suite 300
Washington, D.C. 20006
Tel:  (202) 778-6400
Fax:  (202) 778-6460
Email:  jjacobovitz@schiffhardin.com

*Attorney for Defendants Ball Street Ventures, L.L.C. Ball Street Partners, L.L.C., Ball Street Fund, L.L.C., Brian K. Davis, and Christian Laettner*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRIAN H. SIMMS** : | |
| : | |
| **Plaintiff,** : | |
| : | Case: 1:08-cv-00177-RWR |
| v. : | Hon. Richard W. Roberts |
| : | |
| **BALL STREET VENTURES, LLC, et al.** : | |
| : | |
| **Defendants.** : | |
| : | |

### ORDER

Having read and considered the motion of Defendants Ball Street Ventures, LLC ("Ventures"), Ball Street Partners, LLC ("Partners"), Ball Street Fund, LLC ("Fund"), Christian Laettner ("Laettner"), and Brian K. Davis ("Davis"), (Collectively "Defendants"), to dismiss Fund, Davis and Laettner as parties to this action, and to dismiss Counts II and III of Plaintiff's Complaint, it is, this ____ day of _____, 2008,

**ORDERED** that the Defendants' motion to dismiss Fund, Davis and Laettner as parties to this action, and to dismiss Counts II and III of Plaintiff's Complaint, is **GRANTED**.

_____
**Richard W. Roberts, Judge**
United States District Court
for the District of Columbia

Copies to:

Jeffrey S. Jacobovitz, Esq.
Schiff Hardin LLP
1666 K Street, N.W., Suite 300
Washington, D.C. 20006
Fax: (202) 778-6460
Email: jjacobovitz@schiffhardin.com

Alisa H. Reff, Esq.
Drinker, Biddle & Reath LLP
1500 K Street, N.W.
Washington, D.C. 20005-1209
Fax: (202) 842-8465
Email: Alisa.Reff@dbr.com

Thomas J. Barton, Esq.
James G. Fannon, Esq.
Drinker, Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
Fax:  (215) 988-2757
Email:  Thomas.Barton@dbr.com
Email:  James.Fannon@dbr.com

**CERTIFICATE OF SERVICE**

I, Jeffrey S. Jacobovitz, an attorney, on **April 24, 2008**, caused a true and correct copy of *Defendants' Motion to Dismiss and Supporting Points and Authorities,* to be served upon the following via CM/ECF and U.S. Mail:

Alisa H. Reff, Esq.
D.C. Bar No. 423113
1500 K Street, N.W.
Washington, D.C. 20005-1209
Tel:  (202) 842-8852
Fax:  (202) 842-8465
Email:  Alisa.Reff@dbr.com

Thomas J. Barton, Esq.
James G. Fannon, Esq.
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
Tel:  (215) 988-2863
Fax:  (215) 988-2757
Email:  Thomas.Barton@dbr.com
Email:  James.Fannon@dbr.com

                                           /s/ Jeffrey S. Jacobovitz
                                             Jeffrey S. Jacobovitz