**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **BRYAN H. SIMMS** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No.:  1:08-cv-00177-RWR** |
| | : | |
| **BALL STREET VENTURES, LLC, et al.** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| | : | |

**PLAINTIFF'S MEMORANDUM OF LAW**
**IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff Bryan H. Simms ("Mr. Simms"), by and through his undersigned counsel,

submits this Memorandum of Law in Opposition to Defendants' Motion to Dismiss.

## I.     INTRODUCTION

The thrust of Defendants' Motion is that Virginia law does not recognize certain of Mr.

Simms' claims, or permit his claims against certain Defendants.  Whatever weight those

arguments might have in the abstract, they have no application here because District of Columbia

law controls and authorizes all of Mr. Simms' claims against all of the Defendants.  Defendants'

Motion should therefore be denied.

## II.     ARGUMENT

### A.     Counterstatement of the Legal Standard

Under the Federal Rules of Civil Procedure, a complaint need only set forth "'a short and

plain statement of the claim showing that the pleader is entitled to relief . . . .'  A complaint

meeting that bare minimum requirement may not be dismissed as long as no heightened pleading

standard is required . . . ."  <u>Burnett v. Al Baraka Inv. & Dev. Corp.</u>, 274 F. Supp. 2d 86, 103

(D.D.C. 2003) (quoting Federal Rule of Civil Procedure 8(a)(2)).  The "short and plain statement" required by Rule 8(a)(2) "must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"  Id. (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-13, 515 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47(1957))).

"Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." Conley, 355 U.S. at 47-48 (internal quotation marks omitted), abrogated on other grounds by Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).  It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, Swierkiewicz, 534 U.S. at 511-14, or "plead law or match facts to every element of a legal theory," Krieger v. Fadely, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

When the sufficiency of a complaint is challenged by a motion to dismiss under Rule 12(b)(6), the plaintiff's factual allegations must be presumed true and should be liberally construed in his or her favor.  Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993); Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979).  See also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam) (citing Bell Atl., 127 S. Ct. 1955, 1964).  The plaintiff must be given every favorable inference that may be drawn from the allegations of fact.  Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000).  Consequently, a complaint may not be dismissed unless the court determines that the allegations set forth in it fail to support relief on any legal theory.  District of Columbia v. Air Florida, Inc., 750 F.2d 1077, 1078 (D.C. Cir. 1984).  Because Mr. Simms' Complaint satisfies this simplified notice pleading standard, Defendants' Motion should be denied.  In the

event the Court determines that this standard has not been met, Mr. Simms respectfully requests

leave, pursuant to Federal Rule of Civil Procedure 15(a)(2), to amend his Complaint.

> **B.**    **District Of Columbia Law Applies Because It Has The Most Substantial Interest.**

The Employment Agreement's choice of law provision cannot control because the

Commonwealth of Virginia has no relationship to the parties or their transaction, and there is no

other reasonable basis for Virginia law to apply.  District of Columbia law applies because it is

the center of gravity in this case.[1]  In the event the Court "cannot determine from the pleadings

which jurisdiction has a greater interest in the controversy, in ruling on a motion to dismiss [the

Court] must apply the law of the forum state, which in this case is the District of Columbia."

Washkoviak v. Sallie Mae, 900 A.2d 168, 182 (D.C. Cir. 2006) (citations omitted).

Federal courts follow the choice-of-law rules of the jurisdiction in which they sit.  Ideal

Elec. Sec. Co. v. International Fid. Ins. Co., 129 F.3d 143, 148 (D.C. Cir. 1997).  District of

Columbia choice-of-law doctrine permits parties to select the law they wish to govern a

transaction, provided that the jurisdiction selected has a "reasonable relationship" to the parties

or the transaction.  Norris v. Norris, 419 A.2d 982, 984 (D.C. Cir. 1980).  Where, like here, the

parties have not effectively agreed which state's law should govern a dispute, District of

Columbia Courts use a constructive blending of the governmental interest and most significant

relationship tests.  Elemary v. Philipp Holzmann A.G., 533 F. Supp. 2d 144, 155 n.3 (D.D.C.

2008).  Implicit in those tests is the requirement that, to be considered, a jurisdiction must have at

---

[1] A plaintiff is not required to identify the federal or state law in a complaint, which may be discovered by interrogatories or through briefing.  Fisher v. Great Socialist People's Libyan Arab Jamahiriya, Nos. 04-2055 (HHK), 05-02454 (HHK), 2008 WL 798645, *3 (D.D.C. Mar. 27, 2008) (citing Shah v. Inter-Continental Hotel Chi. Oper. Corp., 314 F.3d 278, 282 (7th Cir. 2002)).

least <u>some</u> interest or relationship to the parties or their transaction. *See* <u>Mitsubishi Caterpillar</u>

<u>Forklift Amer., Inc. v. Superior Serv. Assoc., Inc.</u>, 81 F. Supp. 2d 101, 118 (D. Me. 1999) (no

need to balance interests if the selected state has no substantial relationship to parties or

transaction).

      Virginia has no interest or relationship to the parties or their transaction. The injury did

not occur in Virginia, the conduct causing it did not occur there, none of the parties is

incorporated, domiciled, resides, or is registered to do business there, and the relationship

between the parties is not centered there. (<u>See</u> <u>generally</u> Compl. and Answer.) Instead, the

District of Columbia is where the corporate Defendants share their principal place of business,

where Defendant Davis resides, and where the Defendants entered into and breached their

Employment Agreement with Plaintiff. Accordingly, as between Virginia and the District of

Columbia, only the District of Columbia has a legitimate interest in the dispute and its law

should control. <u>See</u> <u>Mitsubishi</u>, 81 F. Supp. 2d at 118 (refusing to enforce parties' contractual

choice of law provision where state selected had no relationship to either of the parties or the

transaction at issue or any other reasonable basis for its selection).

      **C.**    <u>**Counts II and III State Claims Under District of Columbia Law.**</u>

      Defendants have argued that Counts II and III do not state claims under Virginia law. As

set forth above, District of Columbia law controls, and as set forth below, recognizes Plaintiff's

claims.

      Count II states a claim under District of Columbia law because, "'where a breach of

contract merges with and assumes the character of, a wilful tort, calculated rather than

inadvertent, flagrant, and in disregard of obligations of trust punitive damages may be

assessed.'" <u>Washington v. Government Employees Ins. Co.</u>, 769 F. Supp. 383, 388 (D.D.C.

1991) (quoting <u>Central Armature Works, Inc. v. American Motorists Ins. Co.</u>, 520 F. Supp. 283,

291 (D.D.C. 1980) (quoting Brown v. Coates, 253 F.2d 36, 39 (D.C. Cir. 1958)).  See also Kahal

v. J. W. Wilson & Assocs., Inc., 673 F.2d 547, 548 (D.C. Cir. 1982); R. A. Weaver & Assocs. v.

Haas & Haynie Corp., 663 F.2d 168 (D.C. Cir. 1980); Washington v. Group Hospitalization, Inc,

585 F. Supp. 517, 521 (D.D.C. 1984); Sere v. Group Hospitalization, Inc., 443 A.2d 33, 37 (D.C.

Cir. 1982).

    As Defendants have admitted, "[t]he employment relationship with Simms,

unfortunately, did not turn out as expected.  Davis was disappointed with Simms' performance

(or lack thereof) as CEO for Ventures, and believed that Simms had not carried through on

promises made during the negotiations for his employment.  Davis therefore terminated Simms'

employment in early December 2007."  (Defs' Brief at 3.)[2]  As Mr. Davis' subjective

disappointment with Mr. Simms' performance could not constitute "Cause" under the

Employment Agreement, (see Employment Agreement, attached as Ex. A to Defs' Brief, at

§ 3.1), Mr. Simms was entitled to the payments and benefits described in Article III of the

Employment Agreement, in addition to Defendants' repurchase of his 15% interest in BSP, (see

id. at § 2.5), and repayment of the $200,000 loan Defendants admit they owe him (see Answer at

¶ 18).  To avoid these obligations to Plaintiff, Defendants manufactured an allegation that Mr.

Simms somehow misrepresented his background to Mr. Davis, who Defendants admit had

known Mr. Simms "for nearly twenty years."  (Defs' Brief at 3.)  These and additional facts that

Mr. Simms anticipates will be revealed through discovery will establish that Defendants' breach

was "calculated rather than inadvertent, flagrant, and in disregard of obligations of trust."  See

---

[2] Defendants' Statement of Points and Authorities in Support of Their Motion to Dismiss is cited
as "Defs' Brief at __."

Washington, 769 F. Supp. at 388 (quoting Central Armature, 520 F. Supp. at 291 (quoting

Brown, 253 F.2d at 39)).

Defendants' actions also breached their implied covenant of good faith and fair dealing,

as asserted in Count III.  Under District of Columbia law, "all contracts contain an implied duty

of good faith and fair dealing, which means that 'neither party shall do anything which will have

the effect of destroying or injuring the right of the other party to receive the fruits of the

contract.'" Paul v. Howard Univ., 754 A.2d 297, 310 (D.C. Cir. 2000) (quoting Hais v. Smith,

547 A.2d 986, 987 (D.C. Cir. 1988) (citation omitted), and citing Kerrigan v. Britches of

Georgetowne, Inc., 705 A.2d 624, 627 n.2 (D.C. Cir. 1997) (treating claim for breach of

covenant of good faith and confidentiality as one for breach of covenant of good faith and fair

dealing)).  "If a party to the contract evades the spirit of the contract, willfully renders imperfect

performance, or interferes with performance by the other party, he or she may be liable for

breach of the implied covenant of good faith and fair dealing." Paul, 754 A.2d at 310 (citing

Hais, 547 A.2d at 987-988).  Defendants employed Mr. Simms under a written contract, (see

Answer ¶ 10), which, under District of Columbia law, contained an implied duty of good faith

and fair dealing.[3]  See Paul, 754 A.2d at 310.  As described above, Plaintiff has alleged facts that,

when proven, will establish that Defendants breached their duty of good faith and fair dealing.

---

[3] It is not correct that Defendants employed Mr. Simms at-will.  (See Defs' Br., at 10.)  The
Employment Agreement does not permit termination at the will of the parties, but only upon the
satisfaction of specified conditions precedent, such as upon the happening of specified events,
upon the provision of specified notice, or with the provision of specified payments and benefits.
(Employment Agreement, art. III, Ex. A to Defs' Brief.)  Such preconditions overcome any
presumption of employment at will.  Cf. Sisco v. GSA Nat'l Capital Fed. Credit Union, 689 A.2d
52, 55 (D.C. Cir. 1997) (holding that "limiting the right to terminate to specific causes or events
will overcome the presumption of at-will employment," or at least create a fact question for the
jury).  Thus, although the covenant of good faith and fair dealing does not attach to employment
at-will, Hoffman v. Hill & Knowlton, Inc., 777 F. Supp. 1003, 1006 n.3 (D.D.C. 1991), Mr.

(continued…)

Moreover, as facts material to the claims in Counts II and III are peculiarly within

Defendants' control, discovery will be required to disclose more precisely their bases, which

renders passing on their merits at this stage of the proceedings premature.  See Conley, 355 U.S.

at 47-48 ("[S]implified notice pleading is made possible by the liberal opportunity for discovery

and the other pretrial procedures established by the Rules to disclose more precisely the basis of

both claim and defense and to define more narrowly the disputed facts and issues," (internal

quotation marks omitted)); Overseas Private Inv. Corp. v. Industria de Pesca, N.A., 920 F. Supp.

207, 211 (D.D.C. 1996) (denying motion to dismiss to allow discovery that might permit party to

make out breach of covenant of good faith and fair dealing claim).

        In sum, because Counts II and III satisfy the Federal Rules' liberal pleading requirements

and state claims under District of Columbia law, the Court should deny Defendants' Motion to

Dismiss them.

        D.      **The Complaint States Claims Against, And Provides Fair Notice Of Them
                To, Messrs. Laettner And Davis And BSF.**

        The Complaint provides Defendants fair notice of Plaintiff's claim that their actions

and/or omissions warrant disregarding the corporate form.  "As defendants should well know, a

corporate entity may be ignored, and the corporate veil pierced, whenever an individual

dominates an organization so as 'in reality to negate the separate personality.'"  Lunayach

Commc'ns Consultants, Inc. v. Zackiva Commc'ns Corp., No. 87-2296, 1988 WL 4245, *2

(D.D.C. Jan. 4, 1988) (attached hereto as Ex. A) (quoting Labadie Coal Co. v. Black, 672 F.2d

92 (D.C. Cir. 1982)).  "As one federal court has observed, '[a]lthough this test generally is used

---

(..continued)
Simms' employment was not at-will.  At a minimum, the Employment Agreement's
preconditions create a fact question.  See Sisco, 689 A.2d at 55.

to reach an individual behind a corporation, this same test has been applied to pierce the corporate veil between two corporations, such as between parent [and] subsidiary corporations.'" <u>Gonzalez v. Internacional De Elevadores, S.A.</u>, 891 A.2d 227, 237 (D.C. Cir. 2006) (quoting <u>Shapiro, Lifschitz & Shram, P.C. v. R.E. Hazard, Jr., Ltd.</u>, 90 F. Supp. 2d 15, 23 n.6 (D.D.C. 2000)).

Plaintiff's claims are a combination of both; namely, that the Ball Street entities (Defendants Ball Street Partners, LLC, Ball Street Ventures, LLC, and Ball Street Fund, LLP) operate as a single business enterprise and are a collective façade for the personal activities and affairs of their owners, members Davis and Laettner, leaving none entitled to the shield of the corporate veil. (<u>See</u> Compl. ¶¶ 5, 27, 31, 38, 44, 51 (alleging that the corporate entities were his joint employers and all defendants are de facto partners, shorthand for piercing the corporate veil)). It is not necessary for the plaintiff to plead all elements of his <u>prima facie</u> case in the complaint, <u>Swierkiewicz v. Sonoma N.A.</u>, 534 U.S. 506, 511-14 (2002), or to "plead law or match facts to every element of a legal theory," <u>Krieger v. Fadely,</u> 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Defendants argue that Plaintiff's allegations fail to state a claim under Rule 12(b)(6) and do not meet Rule 8(a)'s minimal pleading requirements. On that score, this Court's decision in <u>Lunayach</u> is particularly instructive. In that case, the plaintiff sought to pierce the corporate veil by alleging "on information and belief the corporate defendant is the mere instrumentality and alter ego of Mr. Iscol" and that "corporate defendant operates as a sham and façade for the personal activities and personal affairs of Mr. Iscol." 1988 WL 4245, at *2. The defendants moved to dismiss under Rules 12(b)(6) and 8(a). <u>Id.</u> In denying the motion, the Court explained that, "[w]hile . . . plaintiff's allegations are cursory, this is to be expected at this early stage in the

litigation.  Discovery has not yet commenced." Id.  As a consequence, the court was unable to "say at this point in the proceedings that it is 'beyond doubt' that plaintiff can 'prove no set of facts' in support of its claim that would entitle it to relief against Mr. Iscol." Id.  As in Lunayach, Plaintiff asserts, in effect, that this is a fact which permeates the instant action.  See id.  "Resolving, as we must, all ambiguities in favor of the plaintiff, we reject defendants' motion to dismiss defendant Iscol from this action." Id.  From this it follows that Plaintiff's Complaint against Messrs. Davis and Laettner and BSF is sufficient and Defendants' Motion to Dismiss the Complaint as to them should be denied.

Moreover, as facts material to these issues are peculiarly within Defendants' control, discovery will be required to disclose more precisely their bases, which renders passing on their merits at this stage of the proceedings premature.  See Conley, 355 U.S. at 47-48.

**III.     CONCLUSION**

For all of the foregoing reasons, the Court should deny Defendants' Motion to Dismiss or, in the alternative, grant Plaintiff leave to amend his Complaint.

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

By:     /s/ Alisa H. Reff
        Alisa H. Reff, Esq.
        D.C. Bar No. 423113
        1500 K Street, N.W.
        Washington, D.C.  20005-1209
        Tel:     (202) 842-8852
        Fax:     (202) 842-8465

Thomas J. Barton, Esq.
James G. Fannon, Esq.
(*Admitted Pro Hac Vice*)
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103-6996
Tel:    (215) 988-2863
Fax:    (215) 988-2757

# Exhibit A

Not Reported in F.Supp.                                                     Page 1
Not Reported in F.Supp., 1988 WL 4245 (D.D.C.)
**(Cite as: Not Reported in F.Supp., 1988 WL 4245)**

Lunayach Communications Consultants, Inc. v. Za-
ckiva Communications, Corp.
D.D.C., 1988.
Only the Westlaw citation is currently available.
United States District Court, District of Columbia.
LUNAYACH COMMUNICATIONS CONSULT-
ANTS, INC., Plaintiffs,
v.
ZACKIVA COMMUNICATIONS CORPORA-
TION, et al. Defendants.
**Civ. A. No. 87-2296.**

January 4, 1988.

MEMORANDUM ORDER

JOHN H. PRATT, District Judge.
**\*1** Plaintiff Lunayach Communications Consult-
ants, Inc. brings this breach of contract action
against defendants Ken Iscol and Zackiva Commu-
nications Corporation. Presently before us are de-
fendants' motion to dismiss, or in the alternative,
defendants' motions for a more definite statement
pursuant to Fed. R. Civ. P. 12(e), and transfer pur-
suant to 28 U.S.C. § 1404(a) (1982). Upon careful
consideration of the briefs submitted by the parties,
and the record as a whole, we find defendants' sev-
eral motions to be without merit and deny them for
the reasons stated below.

DISCUSSION

I. Defendants' Motion to Dismiss

A. Failure to State a Claim

Defendants move to dismiss this action pursuant to
Fed. R. Civ. P. 12(b)(6) for failure to state a claim
upon which relief can be granted. Specifically, de-
fendants assert that plaintiff has failed to allege in
its complaint that Lunayach personally performed

the contract in question. This, they claim, is a pre-
condition to their obligation to pay for the services
rendered under the terms of the contract. Thus, de-
fendants argue that plaintiff has failed to allege the
elements of a valid cause of action.

We turn first to the guiding principles used in de-
termining whether a motion to dismiss for failure to
state a claim should be granted. It is well settled
that, for purposes of a Fed. R. Civ. P. 12(b)(6) mo-
tion, the factual allegations of the complaint must
be taken as true and any ambiguities resolved in fa-
vor of the pleader.See Scheuer v. Rhodes, 416 U.S.
232, 236 (1974); Doe v. Department of Justice, 753
F.2d 1092, 1102 (D.C. Cir. 1985). In addition, the
complaint must be liberally construed in favor of
the plaintiff.Fed. R. Civ. P. 8(b); Jenkins v. McK-
eithen, 395 U.S. 411, 421 (1969); Schuler v. United
States, 617 F.2d 605, 608 (D.C. Cir. 1979). Thus, a
complaint is not properly dismissed 'unless it ap-
pears beyond doubt that plaintiff can prove no set
of facts in support of [its] claim which would en-
title [it] to relief.'Conley v. Gibson, 355 U.S. 41,
45-46 (1957); Gray v. Bell, 712 F.2d 490, 493 n.2
(D.C. Cir. 1983), cert. denied465 U.S. 1100.See
also U.S. Ex. Rel. Joseph v. Cannon, 642 F.2d
1373, 1378 (D.C. Cir. 1981), cert. denied455 U.S.
999 (1982). Finally, the complaint is not to be dis-
missed unless the court determines that the allega-
tions set forth in it fail to support relief on any legal
theory.D.C. v. Air Florida, 750 F.2d 1077 (D.C.
Cir. 1984).

Applying these principles to the issue at hand, we
find that plaintiff's complaint does state a claim for
relief. First, plaintiff's complaint very clearly al-
leges facts which, if proven, could establish an im-
plied contract or quantum meruit claim. Thus, even
assuming that plaintiff's complaint does not state a
cause of action for recovery under the contract, we
can not say that 'plaintiff can prove no set of facts
in support of their claim for relief.'This is particu-
larly true when, as best we can determine from the
pleadings, defendants have accepted the benefits of

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                     Page 2
Not Reported in F.Supp., 1988 WL 4245 (D.D.C.)
**(Cite as: Not Reported in F.Supp., 1988 WL 4245)**

the arrangement, however it be described, and have declined to pay for such benefits.[FN1] Second, we find that in this early stage of the litigation, plaintiff need not allege the occurrence of an alleged pre-condition to recovery, where the allegations set forth a reasonable construction of the contract.See Lyons v. Liberty National Bank, 65 F.2d 837 (D.C. Cir. 1933).

In its complaint plaintiff alleges the existence of a contract, performance and breach. Specifically, plaintiff alleges that a contract exists between itself and Zackiva; that pursuant to the agreement Zackiva promised to pay Lunayach for specified engineering exhibits and forms supplied, provided that Zackiva received certain cellular telephone licences; that Lunaych provided the forms and exhibits and that Zackiva did in fact receive several licenses. Plaintiff alleges that '[e]very condition precedent to the obligation of the corporate defendants to pay for the engineering exhibits and forms of Lunayach has occurred.'Complaint ¶24.See also ¶26. Defendants, as noted, dispute this.

**\*2** This is a question of contract interpretation.[FN2] We cannot say, as defendants vigorously assert, that 'the express, undisputed language of Section 10 of the Agreement' required Lunayach, and only Lunayach, to prepare the exhibits and forms contracted for. Despite defendants' assertions to the contrary, the language identified is ambiguous, and plaintiff offers a reasonable interpretation of the contract in its complaint. Although we refrain from interpreting the meaning of the contract at this early stage, we find that the facts alleged by plaintiff as to the existence of a contract are sufficient to withstand a motion to dismiss.

B. Motion to Dismiss Kenneth H. Iscol as Defendant

Defendants assert that Lunayach's complaint with respect to defendant Iscol lacks adequate basis to maintain a cause of action. Specifically, defendants assert that plaintiff's allegations that 'on informa-

tion and belief the corporate defendant is the mere instrumentality and alter ego of Mr. Iscol' and that 'corporate defendant operates as a sham and facade for the personal activities and personal affairs of Mr. Iscol' are conclusory statements, unsupported by fact. Accordingly, defendants assert that Mr. Iscol should be dismissed from this suit. We reject this argument.

While it is true that plaintiff's allegations are cursory, this is to be expected at this early stage in the litigation. Discovery has not yet commenced. We can not say at this point in the proceedings that it is 'beyond doubt' that plaintiff can 'prove no set of facts' in support of its claim that would entitle it to relief against Mr. Iscol. As defendants should well know, a corporate entity may be ignored, and the corporate veil pierced, whenever an individual dominates an organization so as 'in reality to negate the separate personality.'Labadie Coal Co. v. Black, 672 F.2d 92 (D.C. Cir. 1982). Plaintiff asserts, in effect, that this is a fact which permeates the instant action. Resolving, as we must, all ambiguities in favor of the plaintiff, we reject defendants' motion to dismiss defendant Iscol from this action.

C. Failure to Comply with Fed. R. Civ. P. 8(a)

Defendants seek dismissal of this claim on the grounds that plaintiff has failed to comply with the minimal pleading requirements set forth in Fed. R. Civ. P. 8(a). We reject this argument. A complaint need only contain a short, plain statement of the claim, indicating that plaintiff is entitled to relief, and giving defendant fair notice of the nature of plaintiff's grievance, in order to meet the dictates of the rule. In addition, this rule must be read in conjunction with Fed. R. Civ. P. 8(e) and 8(f), which state, respectively, that a 'simple, concise and direct' statement is all that is needed, and that 'pleadings are to be construed so as to do substantial justice.'We find that the complaint, while somewhat lengthy is generally well written, and that the defects alleged by defendants are minor at

best. Measured by these standards, the complaint as framed is more than adequate.

## II. Motion for More Definite Statement

Defendants move pursuant to Fed. R. Civ. P. 12(e) for a more definite statement of plaintiff's complaint. These motions are only appropriately granted where the pleading to which the motion is directed is so vague or ambiguous that the moving party cannot be reasonably expected to respond. Plaintiff's complaint does not fall within this category. The basis for granting a motion for more definite statement is unintelligibility, not mere lack of detail. Towers Tenant Ass'n Inc. v. Towers Ltd. Partnership, 563 F. Supp. 566 (D.D.C. 1983). See also 2A Moore's Federal Practice 2d. § 12.8, at 2395 (1982). We find that plaintiff's complaint is not so vague or ambiguous that defendant can not reasonably be expected to answer. The alleged defects in plaintiff's complaint illustrate a lack of detail, rather than vague or ambiguous terms that prevent response. Again, defendants seek information routinely obtained through discovery. Thus, a more precise statement is not warranted at this time, and any information that defendants seek to prepare for trial may be obtained through the discovery process.

## III. Motion to Transfer

*3 Defendants move, pursuant to 28 U.S.C. § 1404(a) (1982)[FN3], to transfer this action to the United States District Court of the Southern District of New York. Defendants contend that the factual nexus with New York, and the convenience of defendants and many of the potential witnesses, argue in favor of transfer, and make New York the 'center of gravity' of this action. Specifically, defendants state that defendant Zackiva is a New York corporation with its principle offices in New York, and that defendant Iscol is a New York resident. In addition, defendants assert that many of the witnesses necessary to defend this suit reside in New York.

Plaintiff objects to defendants' motion to transfer on two grounds. First, Lunayach asserts that the defendants are precluded from raising this argument pursuant to a contractual agreement between the parties. In the contract, defendants agreed to 'waive any objections of service of process by seller [plaintiff] in any jurisdiction of seller's choosing and to accept service of process from any court in any such jurisdiction.'Plaintiff asserts that defendants are accordingly contractually bound to refrain from challenging plaintiff's chosen forum. Second, plaintiff asserts that the District of Columbia is the most convenient forum for itself and many of the witnesses, and that Washington, D.C. is in effect the 'center of gravity' of this litigation. In support of its argument, plaintiff asserts that the contract was entered into in the District of Columbia, since Lunayach's signature was the last one on the contract, and that the contract was performed by Lunayach in the District of Columbia, where the exhibits were prepared, checked and verified.

Under § 1404(a), defendants, the moving parties, bear the burden of pursuading this court that transfer is appropriate. SEC v. Savoy Industries, Inc., 587 F.2d 1149, 1154 (D.C. Cir. 1978), cert. denied Zimmerman v. SEC, 440 U.S. 913 (1979). See also Coalition on Sensible Transportation, Inc. v. Doyle, 631 F. Supp. 1382, 1387 (D.D.C. 1986), aff'd 826 F.2d 60 (D.C. Cir. 1987). The proper technique for determining a § 1404(a) motion is a factually oriented, 'case-by-case' evaluation of the various relevant factors. Van Dusen v. Barrack, 376 F.2d 612, 622 (D.C. Cir. 1964). See also SEC v. Savoy Industries, Inc., 587 F.2d at 1154. The statutory considerations set forth in § 1404(a) are: 1) the convenience of the parties; 2) the convenience of the witnesses; and 3) the interest of justice.[FN4]

Applying these principles to the case at hand, we find that defendants have failed to sustain their burden of establishing that transfer is appropriate.[FN5] Both plaintiff and defendants claim that their favored jurisdiction would be most convenient, for

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

themselves and for the majority of witnesses. We are unconvinced from the record before us that New York would be the more convenient forum. In addition, we can not agree that the center of gravity in this case lies in New York. The contract was formally entered into in Washington D.C., and was executed here. We are likewise unconvinced that the interests of justice require that we transfer this suit.FN6

**4** Accordingly, it is by the court this 13th day of December, 1987

ORDERED that defendants' motion to dismiss is denied; and it is

ORDERED that defendants' motion for a more definite statement is denied, and it is

ORDERED that defendants' motion to transfer is denied, and it is

FURTHER ORDERED that a status call be set for January 14, 1988, 9:30 a.m., Courtroom 12, United States District Court for the District of Columbia.

> FN1 The complaint alleges that goods and services were provided by plaintiff, Complaint ¶24(a); that defendants requested these services and knew that plaintiff expected to be compensated for the services provided under certain circumstances, Id. at ¶13, and that defendants accepted the goods and used and benefited from them without paying plaintiff for them, Id. at ¶24(b).

> FN2 Legal assertions are not to be admitted for purposes of a motion to dismiss. Thus, we examine plaintiff's allegation, and its sufficiency, for ourselves.

> FN3Section 1404(a) provides that '[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court division where it might have

been brought.'28 U.S.C. § 1404(a) (1982).

FN4 While other factors are often appropriately considered as well, SEC v. Page Airways, Inc., 464 F. Supp. 461 (D.D.C. 1978), based on the record before us, and the contentions of the parties, we will confine our consideration to the three factors identified.

FN5 We find it unnecessary to reach the issue of whether the contractual provision identified by plaintiff constitutes a waiver of objection by defendants or, as defendants assert, simply an agreement to accept service of process. We find that even absent this consideration, defendants have failed to meet their burden of establishing that transfer is warranted.

FN6 In view of this disposition, it is not necessary that we consider, sua sponte, the preference normally accorded to plaintiff's choice of a forum.

D.D.C., 1988.
Lunayach Communications Consultants, Inc. v. Zackiva Communications Corp.
Not Reported in F.Supp., 1988 WL 4245 (D.D.C.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **BRYAN H. SIMMS** | **:** | |
| | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **v.** | **:** | **Civil Action No.:  1:08-cv-00177-RWR** |
| | **:** | |
| **BALL STREET VENTURES, LLC, et al.,** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |
| | **:** | |
| | **:** | |

## <u>PROPOSED ORDER</u>

AND NOW, this _____ day of _____, 2008, upon consideration of Defendants'

Motion to Dismiss the Complaint in Part, and Plaintiff's opposition thereto, it is hereby

ORDERED and DECREED that

The Motion is DENIED.

SO ORDERED.

_____
**Richard W. Roberts, Judge**
United States District Court
For the District of Columbia

Copies to:

Jeffrey S. Jacobovitz
Schiff Hardin LLP
C.C. Bar # 346569
1666 K Street, N.W., Suite 300
Washington, D.C. 20006
Tel:     (202) 778-6400
Fax:     (202) 778-6460
Email: jjacobovitz@schiffhardin.com

Counsel for Defendants

Alisa H. Reff, Esq.
D.C. Bar No. 423113
1500 K Street, N.W.
Washington, D.C.  20005-1209
Tel:     (202) 842-8852
Fax:     (202) 842-8465
Email: Alisa.Reff@DBR.com

Thomas J. Barton, Esq.
James G. Fannon, Esq.
(*Admitted Pro Hac Vice*)
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103-6996
Tel:     (215) 988-2863
Fax:     (215) 988-2757
Email: Thomas.Barton@DBR.com
         James.Fannon@DBR.com

Counsel for Plaintiff