## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **BRYAN H. SIMMS** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No.:  1:08-cv-00177-RWR** |
| | : | |
| **BALL STREET VENTURES, LLC, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| | : | |

### PLAINTIFF'S ANSWER TO COUNTERCLAIM

Plaintiff Bryan H. Simms, by and through his undersigned counsel, answers the correspondingly-numbered paragraphs of Defendants' counterclaim as follows:

### The Parties

**1.      Counter-plaintiff BSV is a Delaware limited liability corporation, with its principal place of business in the District of Columbia. Its members are Brian K. Davis, a citizen of the District of Columbia, and Christian Laettner, a citizen of the state of Florida.**

**ANSWER:**      Admitted.

**2.      Counter-plaintiff BSP is a Delaware limited liability corporation, with its principal place of business in the District of Columbia. Its members are Brian K. Davis, a citizen of the District of Columbia, and Christian Laettner, a citizen of the state of Florida.**

**ANSWER:**      Admitted.

**3.      Counter-defendant Simms was formerly employed as BSV's Chief Executive Officer, and upon information and belief, is a citizen of Connecticut.**

**ANSWER:**      Admitted, except that since filing the Complaint Mr. Simms has relocated to 175 West 79th Street, Apartment 2D, New York, New York  10024-6450.

**Jurisdiction and Venue**

    **4.**      **Based on Simms' representations in his Complaint regarding his citizenship, this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332, because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.**

**ANSWER:**    Admitted.

    **5.**      **Venue in this District is proper pursuant to §1391(a).**

**ANSWER:**    Admitted.

**Background**

    **6.**      **BSV and BSP are real estate development companies, formed to capitalize on development opportunities in the District of Columbia and other areas of the United States.**

**ANSWER:**    Admitted, except that Mr. Simms is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding the motivation behind the formation of BSV and BSP.

    **7.**      **Early in 2007, Simms approached Davis about the potential for doing business together.  Simms was aware of the real estate ventures Davis had been undertaking, and represented to Davis that he would be able to assist Davis greatly with those ventures.**

**ANSWER:**    Denied, except that Mr. Simms was generally aware at the time that Mr. Davis's business activities involved real estate ventures.

    **8.**      **As a result of their shared college experience at Duke University, Brian Davis ("Davis"), a member of BSV and BSP, and Simms had been acquainted for nearly twenty years.**

**ANSWER:**    Admitted.

    **9.**      **The long-standing relationship between Simms and Davis gave rise to Davis placing a great deal of trust in Simms.**

**ANSWER:**    Mr. Simms is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9.

10.    Further, Simms' representations about his experience at Lehman Brothers, to both Davis and other representatives of BSV, caused Davis to believe that Simms would be a valuable addition to the BSV team.

**ANSWER:**    Mr. Simms is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Mr. Davis's beliefs. Mr. Simms denies all other allegations of Paragraph 10.

11.    Davis therefore decided to hire Simms as the Chief Executive Officer for BSV, and, on or about September 10, 2007, entered into an agreement with Simms regarding his employment.

**ANSWER:**    Mr. Simms admits only that Defendants BSV and BSP entered into a valid and enforceable Employment Agreement with him effective September 10, 2007, engaging him as BSV's Chief Executive Officer ("Employment Agreement"). Mr. Simms is without knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 11.

## COUNT I: FRAUDULENT INDUCEMENT

12.    Counter-plaintiffs reallege and incorporate by reference all allegations contained in Paragraphs 1 through 11, as if fully restated herein.

**ANSWER:**    Mr. Simms incorporates by reference his answers to Paragraphs 1 through 11 of the Counterclaim.

13.    Prior to his employment with BSV and in the course of negotiations leading to that employment, Simms represented to Davis, as well as to in-house counsel for BSV, that he was a successful executive with Lehman Brothers.

**ANSWER:**    Denied.

14.    Specifically, Simms stated that he had personally managed $2½ billion in funds while he was at Lehman Brothers, as his own personal book of business.

**ANSWER:**    Denied.

15.    Simms also stated that, immediately upon leaving his employment with Lehman Brothers, he would be in a position to approach his personal clients and entice them to invest in BSV. Simms stated that he had the approval of representatives of Lehman Brothers to so solicit his clients for BSV.

**ANSWER:**     Denied.

     **16.**     **In addition to misrepresenting his employment with Lehman Brothers and other factual misrepresentations, Simms also falsely told Davis that he would bring $20 million in capital to invest in BSV.**

**ANSWER:**     Denied.

     **17.**     **The statements, or misrepresentations, also made to third parties by Davis and Timothy Clinton, and never corrected, described in Paragraphs 13 through 16 were false representations.**

**ANSWER:**     Mr. Simms admits only that Defendant Brian Davis and Timothy Clinton, Esquire

made false representation and denies all other allegations of Paragraph 17.

     **18.**     **Simms intentionally and knowingly made the misrepresentations described in Paragraphs 13 through 16.**

**ANSWER:**     Denied.

     **19.**     **In making the misrepresentations described above, Simms intended to mislead BSV and BSP.**

**ANSWER:**     Denied.

     **20.**     **BSV and BSP relied upon Simms' misrepresentations in offering employment to Simms, and would not have entered into an employment agreement with Simms had the misrepresentations not been made.**

**ANSWER:**     Denied.

     **21.**     **As a result of their reliance on Simms' misrepresentations, BSV and BSP have suffered damages.**

**ANSWER:**     Denied.

## COUNT II: BREACH OF CONTRACT

     **22.**     **Counter-plaintiffs reallege and incorporate by reference all allegations contained in Paragraphs 1 through 21, as if fully restated herein.**

**ANSWER:**     Mr. Simms incorporates by reference his answers to Paragraphs 1 through 21 of

the Counterclaim.

     **23.**     **On or about September 10, 2007, Simms signed an Employment Agreement with BSV and BSP.**

**ANSWER:**    Admitted.

24.    **The terms of that Agreement required Simms to devote his "effort, time, energy, and skill" to the duties of Chief Executive Officer for BSV.**

**ANSWER:**    Mr. Simms denies the allegations of Paragraph 24 to the extent they characterize

the Employment Agreement and relies instead on the document itself.

25.    **During the term of his employment with BSV, Simms failed to properly devote his effort, time, energy, and skill to his duties for BSV. For example, Simms did not reach out to his clients to raise monies he had promised.**

**ANSWER:**    Denied.

26.    **Simms has therefore breached his Employment Agreement with BSV and BSP.**

**ANSWER:**    Denied.

27.    **As a result of Simms' breach of his Employment Agreement, BSV and BSP have been damaged.**

**ANSWER:**    Denied.

## COUNT III: CONSTRUCTIVE FRAUD

28.    **Counter-plaintiffs reallege and incorporate by reference all allegations contained in Paragraphs 1 through 27, as if fully restated herein.**

**ANSWER:**    Mr. Simms incorporates by reference his answers to Paragraphs 1 through 27 of

the Counterclaim.

29.    **The statements, or misrepresentations, described in Paragraphs 13 through 16 were false representations.**

**ANSWER:**    Mr. Simms incorporates by reference his answer to Paragraph 17.

30.    **Simms made the misrepresentations described in Paragraphs 13 through 16 innocently or negligently.**

**ANSWER:**    Denied.

31.    **BSV and BSP relied upon Simms' misrepresentations in offering employment to Simms, and would not have entered into an employment agreement with Simms had the misrepresentations not been made.**

**ANSWER:**     Denied.

      **32.**     **As a result of their reliance on Simms' misrepresentations, BSV and BSP have suffered damages.**

**ANSWER:**     Denied.

WHEREFORE, Mr. Simms prays that the Court dismiss the Counterclaim and grant such other and further relief as the Court deems proper and just.

### DEFENSES

### First Defense

The Counterclaim fails, in whole or in part, to state a claim upon which relief may be granted.

### Second Defense

The Counterclaim is barred in whole or in part under the doctrines of waiver and/or estoppel.

### Third Defense

The Counterclaim is barred in whole or in part by the doctrine of unclean hands.

### Fourth Defense

Defendants/Counterclaim-Plaintiffs have failed to mitigate their damages.

### Fifth Defense

The Counterclaim is barred in whole or in part under the doctrine of prevention of performance.

### Sixth Defense

The Counterclaim fails in whole or in part because Mr. Simms made no material misrepresentation upon which Defendants/Counterclaim-Plaintiffs, or any of them, reasonably relied to their detriment.

## Seventh Defense

The Counterclaim fails in whole or in part because, to the extent

Defendants/Counterclaim-Plaintiffs, or any of them, labored under an erroneous understanding

of Mr. Simms' prior work experience, it resulted from their own conscious ignorance.

## Eighth Defense

The Counterclaim fails to the extent it is based on Defendants/Counterclaim-Plaintiffs'

erroneous predictions or judgments as to future events.

## Ninth Defense

The Counterclaim fails in whole or in part by Defendants/Counterclaim-Plaintiffs' failure

to exhaust contractual remedies.

WHEREFORE, Mr. Simms prays that the Court dismiss the Counterclaim and grant such

other and further relief as the Court deems proper and just.

May 13, 2008                                        Respectfully submitted,

                                                   DRINKER BIDDLE & REATH LLP


                                   By:      /s/ Alisa H. Reff_____
                                            Alisa H. Reff, Esq.
                                            D.C. Bar No. 423113
                                            1500 K Street, N.W.
                                            Washington, D.C.  20005-1209
                                            Tel:    (202) 842-8852
                                            Fax:    (202) 842-8465

                                            Thomas J. Barton, Esq.
                                            James G. Fannon, Esq.
                                            (*Admitted Pro Hac Vice*)
                                            DRINKER BIDDLE & REATH LLP
                                            One Logan Square
                                            18th & Cherry Streets
                                            Philadelphia, PA  19103-6996
                                            Tel:    (215) 988-2863
                                            Fax:    (215) 988-2757