IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRYAN H. SIMMS<br><br>Plaintiff,<br><br>v.<br><br>BALL STREET VENTURES, LLC, et al.<br><br>Defendants. | Civil Action No.: 1:08-cv-00177-RWR<br><br>The Honorable Richard W. Roberts |

**JOINT REPORT AND PROPOSED DISCOVERY PLAN AND
SCHEDULING ORDER PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 26(f) AND LOCAL CIVIL RULE 16.3**

The parties, having conferred on May 21, 2008 in accordance with Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3, jointly submit the following Report and Proposed Discovery Plan and the accompanying Proposed Scheduling Order.

**1.      Matters on which Parties Conferred**

   (1)   **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

Defendants filed a Motion to dismiss Ball Street Fund, Brian K. Davis and Christian Laettner as Parties to the Action and to Dismiss Counts II and III of Plaintiff's Complaint on April 24, 2008, Plaintiff filed his Opposition thereto on May 5, 2008, and Defendants' their Reply on May 12, 2008. The parties do not recommend that discovery or other matters should await a decision on the motion and agree that they will be in a better position to assess whether some or all of Plaintiff's claims are likely to be disposed of by dispositive motion after having taken discovery.

PHLIT/ 710734.1

(2) **The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The parties agree that the date by which any other parties shall be joined or the pleadings amended should be the later of ninety (90) days after the initial scheduling conference or thirty (30) days after entry of the Court's ruling on Defendants' pending motion. The parties agree that they will be in a better position to assess whether some or all of the factual and legal issues can be agreed upon or narrowed after having taken discovery.

(3) **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties agree that the case should not be assigned to a magistrate judge for all purposes, including trial.

(4) **Whether there is a realistic possibility of settling the case.**

The parties agree that they will be in a better position to assess whether there is a realistic possibility of settling the case after having taken discovery.

(5) **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The parties agree that they will be in a better position to assess whether the case could benefit from ADR after having taken discovery.

(6) **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

The parties agree that they will be in a better position to assess whether some or all of Plaintiff's claims are likely to be disposed of by dispositive motion after having taken discovery. The parties agree that any subsequent dispositive motions should be filed within thirty (30) days after the close of fact discovery; that oppositions to any such motions should be filed within

thirty (30) days after service thereof; that any replies should be filed within twenty-one (21) days after service of the opposition brief to which it refers; and propose a date at least sixty (60) days prior to the start of trial as the date for a decision on any such motion.

> (7) **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties agree that they should make initial disclosures in accordance with Federal Rule of Civil Procedure 26(a)(1) within fourteen (14) days after the initial scheduling conference.

> (8) **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties agree that discovery should proceed according to the Federal and Local Rules of Civil Procedure; that a protective order will likely be appropriate; and that fact discovery, including answers to interrogatories, document production, requests for admissions, and depositions, should be complete within six (6) months after initial scheduling conference.

> (9) **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

The parties agree that Plaintiff's disclosure pursuant to Federal Rule of Civil Procedure 26(a)(2) should be made within 30 days after the close of fact discovery; that Defendants' disclosure should be made within 60 days after the close of fact discovery; and that the deposition of any expert witness should be noticed and completed within thirty (30) days after receipt of the expert's report, unless the parties agree otherwise in writing.

(10) In class actions, appropriate procedures for dealing with Rule 23, F.R.Civ.P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

Not applicable.

(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

The parties agree that neither the trial nor discovery need be bifurcated or managed in phases.

(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

The parties agree that the pretrial conference should occur approximately sixty (60) days after the later of the close of expert discovery or entry of the Court's decision on the last-filed dispositive motion permitted under the Court's scheduling order.

(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

The parties agree that the Court should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

The parties agree that, upon a party's request, information stored electronically shall be produced in its native electronic format, including any and all metadata, on CD's, DVD's, and/or on USB-readable memory devices, unless the parties agree otherwise in writing, without regard to whether it had previously been produced in a different format. By so agreeing, the parties do not waive any other objection they might have to the production of such information.

| | |
|---|---|
| June 4, 2008 | Respectfully submitted, |
| DRINKER BIDDLE & REATH LLP | SCHIFF HARDIN LLP |
| By: /s/ James. Fannon<br>Alisa H. Reff, Esq.<br>D.C. Bar No. 423113<br>1500 K Street, N.W.<br>Washington, D.C. 20005-1209<br>Tel: (202) 842-8852<br>Fax: (202) 842-8465<br>Email: alias.reff@dbr.com<br>Attorney for Plaintiff<br>Bryan H. Simms<br><br>Of Counsel<br><br>Thomas J. Barton, Esq.<br>James G. Fannon, Esq.<br>DRINKER BIDDLE & REATH LLP<br>One Logan Square<br>18th & Cherry Streets<br>Philadelphia, PA 19103-6996<br>Tel: (215) 988-2863<br>Fax: (215) 988-2757<br>Email: thomas.barton@dbr.com<br>Email: james.fannon@dbr.com | By: _____<br>Jeffrey S. Jacobovitz, Esq.<br>D.C. Bar # 346569<br>1666 K Street, N.W., Suite 300<br>Washington, D.C. 20006<br>Tel: (202) 778-6400<br>Fax: (202) 778-6460<br>Email: jjacobovitz@schiffhardin.com<br>Attorney for Defendants<br>Ball Street Ventures, LLC; Ball Street Partners, LLC, Ball Street Fund, LLC, Christian Laettner, and Brian K. Davis |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRYAN H. SIMMS<br><br>                  Plaintiff,<br><br>v.<br><br>BALL STREET VENTURES, LLC, et al.<br><br>                  Defendants. | Civil Action No.: 1:08-cv-00177-RWR<br><br>The Honorable Richard W. Roberts |

**(PROPOSED) SCHEDULING ORDER**

Upon consideration of the representations made by the parties at the_____ _____ initial scheduling conference, it is hereby

ORDERED that:

1. The parties will make initial disclosures in accordance with Federal Rule of Civil Procedure 26(a)(1) within fourteen (14) days after the initial scheduling conference.

2. Any amended pleadings or motions to join other parties shall be filed within ninety (90) days after the initial scheduling conference.

3. All fact discovery (written discovery and depositions) shall be commenced so as to be completed within six (6) months after the initial scheduling conference.

4. Plaintiff shall make disclosure of expert testimony pursuant to Federal Rule of Civil Procedure 26(a)(2) within thirty (30) days after the close of fact discovery.

5. Defendants shall make disclosure of expert testimony pursuant to Federal Rule of Civil Procedure 26(a)(2) within sixty (60) days after the close of fact discovery.

- 2 -

6. Any party desiring to depose an expert witness shall notice and complete such deposition within thirty (30) days after receipt of the expert's report, unless the parties agreed otherwise in writing.

7. Any case dispositive motion shall be filed and served not later than sixty (60) days after the close of fact discovery. Answering briefs shall be filed and served within thirty (30) days after the opening brief is filed. Reply briefs shall be filed within twenty-one (21) days after the answering brief is filed.

SIGNED this _____ day of _____, 2008.

_____
RICHARD W. ROBERTS
United States District Judge