**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **BRYAN H. SIMMS,** | : |
| Plaintiff, | : |
| v. | : Civil Action No.: 1:08-cv-00177-RWR |
| **BALL STREET VENTURES, LLC, et al.,** | : |
| Defendants. | : |

**AGREED PROTECTIVE ORDER REGARDING CONFIDENTIALITY**

Upon agreed motion by the parties regarding the production, inspection, copying, use, disclosure, and protection of confidential documents and information in this action, the Court hereby finds that, for the reasons set forth in the parties' agreed motion, good cause exists for the entry of a protective order. Therefore, IT IS HEREBY ORDERED:

1. This Agreed Protective Order Regarding Confidentiality ("Order") applies to all documents and information, in any form whatever, that is produced, testified to, or otherwise supplied or provided in connection with this litigation ("information") and proscribes any person or entity from using or disclosing any information other than for purposes of this litigation and in accordance with this Order.

2. Parties, Producing Party, and Receiving Party. As used in this Order, the term "party" refers to any person or entity that at any time is a party to this litigation; a "Producing Party" is any person or entity that produces information in this litigation; and a "Receiving Party" is any person or entity that receives information produced in this litigation.

3. Confidential Information. "Confidential Information" is information not generally known or available to the public and that contains financial and/or proprietary business

information, the disclosure of which could adversely affect the competitive advantages or position of a party or Producing Party, or personal information, including without limitation wage or earnings information, driver's license numbers, social security numbers, banking information, medical information, and other information subject to a legally protectable privacy right.

4. Designation of Information. Any party or Producing Party with a reasonable, good-faith basis to assert that particular information qualifies as Confidential Information may designate such information as "Confidential Information" by placing the word "CONFIDENTIAL" on the face of the relevant documents and on each page containing Confidential Information, in which case the documents or pages so designated shall be treated in the manner set forth below. In the event a Producing Party produces information in electronic form, any party or Producing Party with a reasonable, good-faith basis to assert that certain of the information produced in electronic form qualifies as Confidential Information may designate such information as "Confidential Information" by affixing a "CONFIDENTIAL" label to the container or other means by which the information is produced and by providing a list or index indicating which information contained in the electronic media it is designating as "Confidential Information." All information for which no designation has been made shall not constitute Confidential Information for purposes of this Order unless and until subsequently so designated.

5. Information in Depositions or Other Testimony. All deposition and hearing transcripts and exhibits in this action shall be deemed to contain "Confidential Information" for purposes of this Order during the fourteen (14) calendar days following a party's receipt of such transcript. Any party or Producing Party with a reasonable, good-faith basis to assert that particular testimony or portions of exhibits contain Confidential Information may so designate

such information by providing written notice to all other parties of the transcript page(s) and line(s) containing Confidential Information and/or the exhibit number of the exhibit(s) containing Confidential Information and a description of the portion of the exhibit containing Confidential Information. All information in deposition and hearing transcripts and exhibits for which no timely designation is made shall be deemed not to contain Confidential Information.

6. Information Produced by Non-Parties. Any party with a reasonable, good-faith basis to assert that particular information produced by any non-party qualifies as Confidential Information may designate such information as Confidential Information by providing written notice, with a description of the particular information so designated, to all other parties within 14 days after production of such information. Until such time, all parties shall treat such information as Confidential Information. Upon receipt of such written notice, all parties shall mark all copies of the designated documents in their possession as described in paragraph 4.

7. Information at Deposition, Hearing and Trial. Subject to the Federal Rules of Evidence, Confidential Information may be offered in evidence or otherwise used at any deposition, court hearing, or trial. If offered at a court hearing or trial, any party or Producing Party may move the Court for an Order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure or, conversely, that said documents be declassified as Confidential Information. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such information at trial or otherwise.

8. Filing. If any papers filed with the Court contain, quote, paraphrase, compile or otherwise reveal Confidential Information, they shall be filed with the Clerk of the Court under seal.

9. **Inadvertent Failure to Mark Documents.** The inadvertent or unintentional failure by a Producing Party or any other party to this litigation to designate specific information as Confidential Information shall not be deemed a waiver in whole or in part of a party's right under this Order subsequently to so designate such information. Upon notice to the Receiving Party of such failure to designate, the Receiving Party shall cooperate with the Producing Party to effect designation of the information as Confidential Information and take such reasonably practicable steps as might be necessary to restore the confidentiality of the inadvertently disclosed information.

10. **Declassification.** If any party or any Producing Party disputes the designation of any information as Confidential Information, such party shall provide written notice to the Producing Party and all other parties of the information at issue and the bases of its assertion that it is not entitled to such designation. The challenging and producing parties shall attempt to resolve by agreement the question of whether or on what terms the information is properly designated. If the parties, including the Producing Party, are unable to agree as to whether the designated items are Confidential Information, counsel for the party challenging the designation shall file an appropriate motion with the Court seeking an order determining whether the items are properly designated. Until a resolution of the dispute is achieved either through consent or by Order of the Court, all parties and the Producing Party shall treat the information as Confidential Information.

11. **Permissible Disclosures of Confidential Information.** Except as otherwise permitted by this Order or any other relevant Order of the Court, as required by law, or upon the prior written consent of the Producing Party, items designated as containing Confidential

Information shall be used only for purposes of this Litigation and may be disclosed, discussed with, or used by the following persons only:

(a) The parties to this action, including their respective present or former officers, directors, trustees, and employees, provided that Confidential Information shall be disclosed to and used by such persons only as necessary to and solely for the purposes of this litigation and, before disclosure to any such person, he or she shall have first read and agreed to be bound by this Order;

(b) Attorneys of record for parties to this litigation, including necessary paralegal, secretarial, and clerical personnel assisting such counsel, or counsel for the Producing Party;

(c) Testifying and non-testifying experts, and their staffs; provided that Confidential Information shall be disclosed to and used by such persons only as necessary to and solely for the purposes of this litigation and, before disclosure to any such person, he or she shall have first read and agreed to be bound by this Order;

(d) Employees of non-party contractors involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; provided that Confidential Information shall be disclosed to and used by such persons only as necessary to and solely for the purposes of this litigation and, before disclosure to any such person, he or she shall have first read and agreed to be bound by this Order;

(e) Non-party fact witnesses in deposition or at trial; provided that such witnesses, before disclosure to any such witness, he or she shall have first read and agreed to be bound by this Order;

(f) Court reporters transcribing deposition, hearing or trial testimony in this action, and necessary clerical personnel thereof; and

(g) The Court, including necessary staff.

12. Modification Permitted. Nothing in this Order shall prevent any party or other person from seeking modification of this Order, from objecting to discovery that it believes to be improper or from using or disclosing its own Confidential Information.

13. Continuing Obligations and Return of Information. The provisions of this Order shall not terminate at the conclusion of this litigation. Within 60 days after entry of a final judgment or order as to all remaining parties and claims in this action, which judgment or order is not timely appealed or appealable, all Confidential Information, and all copies of same (other than exhibits of record) shall be returned to the attorneys for the Producing Party, or to the Producing Party if unrepresented, upon timely request or, upon consent of the Producing Party and Receiving Party, destroyed. Upon request, each party that received such Confidential Information, shall provide the Producing Party with a declaration certifying that all documents required to be returned or destroyed pursuant to the provisions of this paragraph have been returned or destroyed. Notwithstanding the provisions of this paragraph, to the extent Confidential Information is incorporated in or attached to court filings in this litigation or contains information protected by the attorney-client privilege or work-product doctrine, the obligation to return or destroy such Confidential Information shall not apply, but the obligation to keep such information confidential as provided in this Order shall continue.

14. Notice. Any Receiving Party served with a subpoena or other process seeking production or other disclosure of Confidential Information other than in this action shall immediately give notice and provide a copy of such subpoena or other process by the promptest means reasonably practicable to counsel for the Producing Party or the party that designated the information as Confidential Information. A Receiving Party served with a subpoena for the production of any Confidential Information shall, upon the request of the Producing Party, or if different the party that designated the information as Confidential Information, serve upon the subpoenaing party objections to the production of the Confidential Information. Any costs, including attorney's fees, incurred in complying with this section shall be borne by the party requesting service of objections upon the subpoenaing party.

15. General. Nothing in this Order and no action taken pursuant to it shall prejudice or affect in any way the right of any party to object to the admission of any information at trial.

| | |
|---|---|
| July 17, 2008 | Consented to by: |
| SCHIFF HARDIN LLP | DRINKER BIDDLE & REATH LLP |
| By: /s/ Jeffrey S. Jacobovitz<br>Jeffrey S. Jacobovitz, Esq.<br>D.C. Bar # 346569<br>1666 K Street, N.W., Suite 300<br>Washington, D.C. 20006 | By: /s/ James. Fannon<br>Alisa H. Reff, Esq.<br>D.C. Bar # 423113<br>1500 K Street, N.W.<br>Washington, D.C. 20005-1209 |
| Attorney for Defendants | Attorneys for Plaintiff |
| | Of Counsel |
| | Thomas J. Barton, Esq.<br>James G. Fannon, Esq.<br>DRINKER BIDDLE & REATH LLP<br>One Logan Square<br>18th & Cherry Streets<br>Philadelphia, PA 19103-6996 |

**SO ORDERED AND ENTERED** this _____ day of _____ 2008.


DATE: _____    _____
                                  RICHARD W. ROBERTS
                                  United States District Judge

8