IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRYAN H. SIMMS<br>175 W. 79th St., Apt. 2D<br>New York, NY 10024-6450,<br><br>           Plaintiff,<br><br>    v.<br><br>BALL STREET VENTURES, LLC<br>1000 Wisconsin Ave., N.W., Suite g-100<br>Washington, D.C. 20007;<br><br>BALL STREET PARTNERS, LLC<br>1000 Wisconsin Ave., N.W., Suite g-100<br>Washington, D.C. 20007;<br><br>BALL STREET FUND, LLC<br>1000 Wisconsin Ave., N.W., Suite g-100<br>Washington, D.C. 20007;<br><br>CHRISTIAN LAETTNER<br>1041 Ponte Verda Blvd.<br>Ponte Verda Beach, FL 32082; and<br><br>BRIAN K. DAVIS<br>2230 Massachusetts Ave., N.W.<br>Washington, D.C. 20008,<br><br>           Defendants. | Civ. Action No. 08-177 (RWR) |

## (PROPOSED) ORDER

This _____ day of _____, 2008, it is ORDERED that the

Plaintiff's Motion to file a First Amended Complaint is GRANTED.

    IT IS SO ORDERED.

                                                  _____
                                                  RICHARD W. ROBERTS
                                                  United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRYAN H. SIMMS<br>175 W. 79th St., Apt. 2D<br>New York, NY  10024-6450,<br><br>                  Plaintiff,<br><br>      v.<br><br>BALL STREET VENTURES, LLC<br>1000 Wisconsin Ave., N.W., Suite g-100<br>Washington, D.C.  20007;<br><br>BALL STREET PARTNERS, LLC<br>1000 Wisconsin Ave., N.W., Suite g-100<br>Washington, D.C.  20007;<br><br>BALL STREET FUND, LLC<br>1000 Wisconsin Ave., N.W., Suite g-100<br>Washington, D.C.  20007;<br><br>CHRISTIAN LAETTNER<br>1041 Ponte Verda Blvd.<br>Ponte Verda Beach, FL  32082; and<br><br>BRIAN K. DAVIS<br>2230 Massachusetts Ave., N.W.<br>Washington, D.C.  20008,<br><br>                  Defendants. | Civ. Action No. 08-177 (RWR) |

## PLAINTIFF'S MOTION TO FILE A FIRST AMENDED COMPLAINT

Plaintiff Bryan H. Simms, by and through his undersigned counsel, hereby requests leave to file the accompanying First Amended Complaint pursuant to Federal Rule of Civil Procedure 15, which requires that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a).  By the proposed amendment, Plaintiff adds specificity to his allegations against proposed Defendants Ball Street Fund, Christian Laettner, and Brian Davis, who the Court

dismissed from this action without prejudice. The proposed amendment will bring no prejudice to Defendants; indeed, it provides them with the additional specificity they argued had been lacking.

## **CONCLUSION**

For all of the foregoing reasons, the Court should grant Plaintiff leave to file the accompanying First Amended Complaint.

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

By:  /s/ James G. Fannon
Alisa H. Reff, Esq.
D.C. Bar # 423113
1500 K Street, N.W.
Washington, D.C. 20005-1209
Tel:  (202) 842-8852
Fax: (202) 842-8465

Of Counsel:

Thomas J. Barton, Esq.
James G. Fannon, Esq.
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
Tel:  (215) 988-2863
Fax: (215) 988-2757

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRYAN H. SIMMS<br>175 W. 79th St., Apt. 2D<br>New York, NY  10024-6450,<br><br>      **Plaintiff,**<br><br>v.<br><br>BALL STREET VENTURES, LLC<br>1000 Wisconsin Ave., N.W., Suite g-100<br>Washington, D.C.  20007;<br><br>BALL STREET PARTNERS, LLC<br>1000 Wisconsin Ave., N.W., Suite g-100<br>Washington, D.C.  20007;<br><br>BALL STREET FUND, LLC<br>1000 Wisconsin Ave., N.W., Suite g-100<br>Washington, D.C.  20007;<br><br>CHRISTIAN LAETTNER<br>1041 Ponte Verda Blvd.<br>Ponte Verda Beach, FL  32082; and<br><br>BRIAN K. DAVIS<br>2230 Massachusetts Ave., N.W.<br>Washington, D.C.  20008,<br><br>      **Defendants.** | Civ. Action No. 08-177 (RWR) |

## FIRST AMENDED COMPLAINT

   Plaintiff Bryan H. Simms, by and through his undersigned counsel, brings this action against Defendants and in support thereof avers as follows:

### PARTIES

  1.  Plaintiff Bryan H. Simms is a natural person, domiciled at the address set forth in the caption, and a citizen of the state of New York.

2.	Defendant Ball Street Ventures ("BSV") is a Delaware limited liability corporation; has its principal place of business in the District of Columbia at the address set forth in the caption; is registered to conduct business in the District of Columbia; has Corporation Service Company, 1090 Vermont Ave., N.W., Washington, DC 20005 ("CSC") as its registered agent for service in the District of Columbia; and is neither registered to conduct business nor has a registered agent for service in the Commonwealth of Virginia.

3.	Defendant Ball Street Partners ("BSP") is a Delaware limited liability corporation; has its principal place of business in the District of Columbia at the address set forth in the caption; and is neither registered to conduct business nor has a registered agent for service in either the District of Columbia or the Commonwealth of Virginia.

4.	Defendant Ball Street Fund ("BSF") is a Delaware limited liability corporation; has its principal place of business in the District of Columbia at the address set forth in the caption; is registered to conduct business and has CSC as its registered agent for service in the District of Columbia; and is neither registered to conduct business not has a registered agent for service in the Commonwealth of Virginia.

5.	Defendant Christian Laettner is a natural person who is domiciled at the address set forth in the caption and a citizen of the state of Florida.

6.	Defendant Brian K. Davis is a natural person who is domiciled at the address set forth in the caption and a citizen of the District of Columbia.

7.	Plaintiffs believes and therefore avers that BSV, BSP, and BSF ("Ball Street Entities") operate as a single business enterprise and are a collective façade for the personal activities and affairs of Defendants Davis and Laettner.

8. Plaintiff believes and therefore avers that Defendants have intentionally caused some or all of the Ball Street Entities to be inadequately capatialized for the purpose of avoiding and/or appearing to be unable to fulfill their obligations to Plaintiff.

9. Plaintiff believes and therefore avers that Defendants Davis and Laettner separately and together treated the in-house general counsel for the collective Ball Street Entities as their own personal lawyer.

10. Plaintiff believes and therefore avers that Defendants Davis and Laettner separately and together treated the Ball Street Entities as their own personal financial/lending institution, possibly comingling personal and business finances.

11. Plaintiff believes and therefore avers that Defendants Davis and Laettner so dominate the Ball Street Entities as to negate their separate personalities.

## JURISDICTION

12. The Court has original jurisdiction of this civil action because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. § 1332.

## VENUE

13. Venue is proper because some of the Defendants reside, and a substantial part of the events giving rise to the claims occurred, in this judicial district.  28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

14. Defendants BSV and BSP entered into a valid and enforceable Employment Agreement with Mr. Simms effective September 10, 2007, engaging him as BSV's Chief Executive Officer ("Employment Agreement").

15. Mr. Davis took the lead in recruiting Mr. Simms away from at Lehman Brothers of New York ("Lehman"). Mr. Davis and Mr. Simms had been friendly for approximately eighteen (18) years, having met in college and remaining in contact during that time, through which Mr. Davis acquired knowledge of Mr. Simms' career as it developed.

16. After recruiting Mr. Simms for some time, Defendants made him an offer sufficient to lure him away from the lucrative and successful career he had built at Lehman.

17. In offering Mr. Simms employment, Defendants acknowledged that Mr. Simms was resigning from his position as Senior Vice President with Lehman to accept their offer of employment.

18. Defendants further acknowledged that Mr. Simms would have an obligation to repay Lehman a loan in the principal amount of $742,847.16, plus interest at Lehman's margin rate of interest ("Lehman Loan"), which loan would have been forgiven had Mr. Simms not left Lehman to accept Defendants' employment offer.

19. In the process of recruiting and hiring Mr. Simms,

    a. Defendants did not request or receive a resume from Mr. Simms;

    b. Defendants did not request or receive an employment application from Mr. Simms;

    c. Defendants did not formally interview Mr. Simms or inquire about his duties with Lehman or any other prior employer;

    d. Defendants did not request or receive a list of professional references from Mr. Simms; and

    e. Defendants did not, to the best of Plaintiff's knowledge, information and belief, contact any person to whom Mr. Simms had reported at Lehman, or

     at Mr. Simms' other prior employers, to inquire of his duties or responsibilities while employed there.

20. Each and every representation of material fact that Mr. Simms made to Defendants, or any of them during the process of Defendants' recruiting and hiring him was truthful.

21. To lure Mr. Simms away from Lehman, Defendants offered him:

  a. The position of Chief Executive Officer;

  b. An initial annual base salary of $1,200,000;

  c. An immediately vested 15% interest in BSP;

  d. Reimbursement for payments on the Lehman Loan;

  e. Reimbursement for business travel and entertainment expenses;

  f. Participation in all employee health and pension benefit plans; and

  g. In the event Defendants terminate Mr. Simms without cause, one year's salary paid over six months; payment of COBRA premiums for Mr. Simms and his family; and $15,000 for outplacement services, due on the first day of the first month following termination.

22. On October 30, 2007, Mr. Simms offered and BSV accepted a loan from Mr. Simms in the amount of $200,000.00, which BSV agreed to repay with interest at the rate of 10 percent ("BSV Loan").

23. The Employment Agreement defines "Cause" as follows:

> "Cause" means (i) conduct amounting to fraud or dishonesty against the Company or any subsidiary or affiliate of the Company; (ii) Executive's intentional misconduct, repeated refusal to follow the reasonable directions of the Managing Partner of the Company or material breach of this Agreement, *provided* the Managing Partner of the Company, upon the direction of the Partners, notifies Executive of the acts deemed to

constitute such intentional misconduct repeated refusal or material breach in writing and Executive fails to correct such acts (or begin such action as may be necessary to correct such acts and thereafter diligently pursues the completion thereof) within five (5) business days after written notice has been given; or (iii) a conviction or plea of guilty or *nolo contendre* to a felony (other than one arising from the operation of a motor vehicle or resulting from actions taken (or not taken) by Executive in good faith in his capacity as an employee or officer of the Company).

24. The Managing Partner, Defendant Davis, did not notify Mr. Simms in writing of any purported act or acts deemed to constitute intentional misconduct, repeated refusal or material breach and thus necessarily did not provide Mr. Simms with the five-day period required under the Employment Agreement within which to correct or begin to correct any such purported act or acts.

25. At no time did Defendants have "Cause," as defined in the Employment Agreement, to terminate the Employment Agreement. To the contrary, Defendants have admitted in this action that their decision to terminate Mr. Simms' employment was not for "cause": "The employment relationship with Simms, unfortunately, did not turn out as expected. Davis was disappointed with Simms' performance (or lack thereof) as CEO for [BSV], and believed that Simms had not carried through on promises made during the negotiations for his employment. Davis therefore terminated Simms' employment . . . ."

26. Defendants manufactured an allegation that Mr. Simms somehow misrepresented his background to Mr. Davis, who Defendants have admitted had known Mr. Simms for nearly twenty years.

27. To the extent one or more of the Defendants held any misunderstanding about Mr. Simms, Mr. Simms was not the cause of such purported misunderstanding and, in any event, any such purported misunderstanding did not involve a fact that was material to Defendants' decision to recruit and hire Mr. Simms from the lucrative and successful career he had built at Lehman.

28.  Mr. Simms has remained at all times ready, willing, and able to perform his duties under the Employment Agreement.

29.  On or about December 5, 2007, Defendants informed Mr. Simms by email that they considered the Employment Agreement null and void.

30.  Defendants have failed and refused to honor their obligations to Mr. Simms under the Employment Agreement, including without limitation, by:

   a.  Failing and refusing to pay Mr. Simms' salary pursuant to the Employment Agreement for and after October 2007;

   b.  Failing and refusing to reimburse Mr. Simms pursuant to the Employment Agreement for travel and entertainment expenses;

   c.  Failing and refusing to provide Mr. Simms pursuant to the Employment Agreement employee welfare and pension benefits;

   d.  Anticipatorily refusing to honor their obligations under the Employment Agreement to pay reimbursement on the Lehman Loan, to pay Mr. Simms severance, to pay Mr. Simms $15,000 for outplacement services, and to pay COBRA premiums for Mr. Simms and his family; and

   e.  Anticipatorily refusing to repurchase, or make arrangements to calculate and repurchase, Mr. Simms' 15% equity interest in BSP pursuant to the Employment Agreement.

31.  Defendants have failed and refused to honor their obligations to Mr. Simms under the BSV Loan by failing and refusing to repay the principal or the contract interest accruing thereon.

## COUNT I
## BREACH OF EXPRESS CONTRACT

32.     Plaintiff incorporates by reference the allegations of Paragraphs 1 through 31.

33.     Through the acts and omissions alleged in this Complaint, Defendants have breached the Employment Agreement and the BSV Loan.

34.     As a result of Defendants' breach, Mr. Simms has suffered and will continue to suffer damages in an amount to be proven at trial.

35.     Defendants have withheld, and continue to withhold, benefits to which Mr. Simms is patently entitled and have done so in bad faith, vexatiously, wantonly, and for oppressive reasons.

WHEREFORE, Plaintiff demands judgment against all Defendants for an amount to be proven at trial, reasonable attorney's fees and costs, and such other and further relief as the Court deems proper and just.

## COUNT II
## TORTIOUS BREACH OF CONTRACT

36.     Plaintiff incorporates by reference the allegations of Paragraphs 1 through 35.

37.     Defendants' breach of the Employment Agreement and the BSV Loan merged with and assumed the character of a wilful tort because it was calculated, flagrant, and in disregard of obligations of trust.

38.     Defendants have withheld, and continue to withhold, benefits to which Mr. Simms is patently entitled and have done so in bad faith, vexatiously, wantonly, and for oppressive reasons.

WHEREFORE, Plaintiff demands judgment against all Defendants for an amount of damages to be proven at trial, plus punitive damages, reasonable attorney's fees and costs, and such other and further relief as the Court deems proper and just.

### COUNT III
### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

39. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 38.

40. The BSV Loan included an implied covenant of good faith and fair dealing that prohibited Defendants from acting or failing to act in any way that would have the effect of destroying or injuring Plaintiff's right to receive the fruits of the agreement.

41. Through the acts and omissions alleged in this Complaint, Defendants have breached the implied covenant of good faith and fair dealing.

42. As a result of Defendants' breach of the implied covenant of good faith and fair dealing, Mr. Simms has suffered and will continue to suffer damages in an amount to be proven at trial.

43. Defendants' conduct was willful, calculated, flagrant, and in disregard of obligations of trust.

44. Defendants have withheld, and continue to withhold, benefits to which Mr. Simms is patently entitled and have done so in bad faith, vexatiously, wantonly, and for oppressive reasons.

WHEREFORE, Plaintiff demands judgment against all Defendants for an amount of damages to be proven at trial, plus punitive damages, reasonable attorney's fees and costs, and such other and further relief as the Court deems proper and just.

### COUNT IV
### ANTICIPATORY BREACH OF CONTRACT

45. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 44.

46. Pursuant to the Employment Agreement, Plaintiff is entitled to ongoing payments and benefits, including without limitation, severance payments equivalent to one year's salary paid over six months, reimbursement on the Lehman Loan, $15,000 for outplacement services,

and payment of COBRA premiums throughout the COBRA period for Mr. Simms and his family.

47. Pursuant to the BSV Loan, Plaintiff is entitled to the repayment of the principal and the payment of interest.

48. Defendants have confirmed that they do not intend to honor their obligations to Mr. Simms under the Employment Agreement or the BSV Loan, including those that have accrued and those that will accrue.

49. As a result of Defendants' anticipatory breach of contract, Mr. Simms has suffered and will continue to suffer damages in an amount to be proven at trial.

50. Defendants have withheld, and continue to withhold, benefits to which Mr. Simms is patently entitled and have done so in bad faith, vexatiously, wantonly, and for oppressive reasons.

WHEREFORE, Plaintiff demands judgment against all Defendants for an amount to be proven at trial, reasonable attorney's fees and costs, and such other and further relief as the Court deems proper and just.

### COUNT V - BREACH OF IMPLIED CONTRACT
### (ASSERTED IN THE ALTERNATIVE)

51. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 50.

52. Mr. Simms rendered valuable services to Defendants at their request, which services were accepted by them under circumstances that reasonably notified them that Mr. Simms expected Defendants to pay him, and that would make it unjust for them to retain the services without paying for them. The parties reached agreement as to all the material terms, including Mr. Simms' compensation, as expressed in precise terms in the Employment Agreement.

53. Through the acts and omissions alleged in this Complaint, Defendants have breached the contract implied in law.

54. As a result of Defendants' breach, Mr. Simms has suffered and will continue to suffer damages in an amount to be proven at trial.

55. Defendants' conduct was willful, calculated, flagrant, and in disregard of obligations of trust.

56. Defendants have withheld, and continue to withhold, benefits to which Mr. Simms is patently entitled and have done so in bad faith, vexatiously, wantonly, and for oppressive reasons.

WHEREFORE, Plaintiff demands judgment against all Defendants for an amount of damages to be proven at trial, plus punitive damages, reasonable attorney's fees and costs, and such other and further relief as the Court deems proper and just.

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

By: /s/ James G. Fannon
Alisa H. Reff, Esq.
D.C. Bar # 423113
1500 K Street, N.W.
Washington, D.C. 20005-1209
Tel: (202) 842-8852
Fax: (202) 842-8465

Of Counsel:

Thomas J. Barton, Esq.
James G. Fannon, Esq.
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
Tel: (215) 988-2863
Fax: (215) 988-2757

Attorneys for Plaintiff