IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRYAN H. SIMMS** | : |
| **Plaintiff,** | : |
| v. | : Civil Action No.: 1:08-cv-00177-RWR |
| **BALL STREET VENTURES, LLC, et al.** | : |
| **Defendants.** | : |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF HIS
MOTION TO FILE A FIRST AMENDED COMPLAINT**

Plaintiff Bryan H. Simms ("Mr. Simms"), by and through his undersigned counsel, submits this Reply in Further Support of his Motion to File a First Amended Complaint.

**I.    INTRODUCTION**

Mr. Simms may amend his Complaint as of right as to Defendants Ball Street Fund, LLC ("Fund"), Brian Davis ("Davis"), and Christian Laettner ("Laettner") because they did not answer the Complaint. Defendants do not otherwise oppose Mr. Simms' First Amended Complaint. The Court should therefore grant Mr. Simms' motion.

**II.   BACKGROUND**

Mr. Simms filed his Complaint on January 30, 2008. [Docket No. 1.] Defendants Ball Street Ventures and Ball Street Partners filed an Answer and Counterclaims on April 24, 2008. [Docket No. 11.] Also on April 24, 2008, all Defendants filed a motion to dismiss Fund, Davis, and Laettner as parties to this action and Counts II and III of the Complaint. [Docket No. 15.]

Defendants Fund, Davis, and Laettner did not file or serve a responsive pleading. [See Docket Nos. 11, 15.]

- 2 -

During a July 11, 2008 Scheduling Conference, the Court granted Defendants' motion as to Defendants Davis, Laettner, and Fund, adding, "The dismissal is without prejudice, since Simms can still amend his complaint as of right as of today with respect to these defendants since they have not yet answered the complaint." [Minute Entry, dated 7/11/08; Transcript of Scheduling Conference Proceedings Before the Honorable Richard W. Roberts United States District Judge at 5 ("Conference Transcript"), Docket No. 29.]  The Court denied Defendants' motion as to Counts II and III of the Complaint.  [Id.]

Mr. Simms filed a Motion for Leave to File a First Amended Complaint on July 25, 2008. [Docket No. 25.]  Mr. Simms seeks to amend the Complaint in two ways:  first, as of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) with respect to Defendants Davis, Laettner, and Fund; and second, with the Court's leave pursuant to Federal Rule of Civil Procedure 15(a)(2) as to all Defendants.  Defendants filed an opposition brief on August 6, 2008 [Docket No. 28], in which they oppose only the first.

### III.   ARGUMENT

#### A.   Mr. Simms may Amend as to Fund, Davis & Laettner as of Right.

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. FED. R. CIV. P. 15(a).  If there is more than one defendant, and not all have served responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer.  WRIGHT & MILLER, FED. PRAC. & PROC. 2d § 1481.  Motions to dismiss and for summary judgment do not qualify as responsive pleadings for the purposes of Rule 15.  James V. Hurson Assocs., Inc. v. Glickman, 229 F.3d 277, 283 (D.C. Cir. 2000); Bowden v. United States, 176 F.3d 552, 555 (D.C. Cir. 1999); U.S. Info. Agency v. Krc, 905 F.2d 389, 399 (D.C. Cir.

- 2 -

1990). Accordingly, because Defendants Davis, Laettner and Fund did not file a responsive pleading, Mr. Simms may amend the Complaint as to them as of right. *See* Conference Transcript [Docket No. 29], at 5 ("Simms can still amend his complaint as of right . . . with respect to [Davis, Laettner and Fund] since they have not yet answered the complaint.")

### B.    Mr. Simms' First Amended Complaint Contains The Short And Plain Statement Of The Claim Showing That The Pleader Is Entitled To Relief

Even were Mr. Simms' right to amend as to Davis, Laettner and Fund other than absolute, leave to amend would be appropriate because the First Amended Complaint states claims against each. Under Federal Rule of Civil Procedure 8(a)(2), a complaint need only set forth "'a short and plain statement of the claim showing that the pleader is entitled to relief . . . .' A complaint meeting that bare minimum requirement may not be dismissed as long as no heightened pleading standard is required . . . ." Burnett v. Al Baraka Inv. & Dev. Corp., 274 F. Supp. 2d 86, 103 (D.D.C. 2003) (quoting Fed. R. Civ. P. 8(a)(2)). The "short and plain statement" required by Rule 8(a)(2) "must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-13, 515 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47(1957)).[1] It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint,

---

[1] Likewise, under Rule 12(b)(6), the plaintiff's factual allegations must be presumed true and should be liberally construed in his favor. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993); Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979). See also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam) (citing Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)). The plaintiff must be given every favorable inference that may be drawn from the allegations of fact. Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000). Consequently, a complaint may not be dismissed (or amendment denied) unless the court determines that the allegations set forth in it fail to support relief on any legal theory. District of Columbia v. Air Florida, Inc., 750 F.2d 1077, 1078 (D.C. Cir. 1984).

Swierkiewicz, 534 U.S. at 511-14, or to "plead law or match facts to every element of a legal theory," Krieger v. Fadely, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted). No talismanic incantations are required.[2]

"As defendants should well know, a corporate entity may be ignored, and the corporate veil pierced, whenever an individual dominates an organization so as 'in reality to negate the separate personality.'" Lunayach Commc'ns Consultants, Inc. v. Zackiva Commc'ns Corp., No. 87-2296, 1988 WL 4245, at *2 (D.D.C. Jan. 4, 1988) (attached as Ex. A to Plaintiff's Mem. In Opp. To Mot. To Dismiss [Docket No. 14]) (quoting Labadie Coal Co. v. Black, 672 F.2d 92 (D.C. Cir. 1982)). "As one federal court has observed, '[a]lthough this test generally is used to reach an individual behind a corporation, this same test has been applied to pierce the corporate veil between two corporations, such as between parent [and] subsidiary corporations.'" Gonzalez v. Internacional de Elevadores, S.A., 891 A.2d 227, 237 (D.C. Cir. 2006) (quoting Shapiro, Lifschitz & Shram, P.C. v. R.E. Hazard, Jr., Ltd., 90 F. Supp. 2d 15, 23 n.6 (D.D.C. 2000)).

Mr. Simms' claims are a combination of both; namely, that the Ball Street entities (Defendants Ball Street Partners, LLC, Ball Street Ventures, LLC, and Ball Street Fund, LLP) operate as a single business enterprise and are a collective façade for the personal activities and affairs of their owners, members Davis and Laettner, leaving none entitled to the shield of the corporate veil. The following are among the allegations in the First Amended Complaint:

> 7. Mr. Simms believes and therefore avers that BSV, BSP, and BSF ("Ball Street Entities") operate as a single business enterprise and are a collective façade for the personal activities and affairs of Defendants Davis and Laettner.

---

[2] Mr. Simms was thus not required to "mention or reference" "piercing the corporate veil" in the First Amended Complaint. See Def.'s Opp. [Docket No. 28], at 3.

> 8. Mr. Simms believes and therefore avers that Defendants have intentionally caused some or all of the Ball Street Entities to be inadequately capatilized for the purpose of avoiding and/or appearing to be unable to fulfill their obligations to Mr. Simms.
>
> 9. Mr. Simms believes and therefore avers that Defendants Davis and Laettner separately and together treated the in-house general counsel for the collective Ball Street Entities as their own personal lawyer.
>
> 10. Mr. Simms believes and therefore avers that Defendants Davis and Laettner separately and together treated the Ball Street Entities as their own personal financial/lending institution, possibly comingling personal and business finances.
>
> 11. Mr. Simms believes and therefore avers that Defendants Davis and Laettner so dominate the Ball Street Entities as to negate their separate personalities.

[Docket No. 25.] In addition, throughout the First Amended Complaint are allegations directed at "Defendants," which necessarily includes Davis, Laettner and Fund. Thus, the First Amended Complaint provides Defendants Davis, Laettner and Fund fair notice of Mr. Simms' claim that their actions and/or omissions warrant disregarding the corporate form.

Defendants argue that Mr. Simms' allegations do not meet Rule 8(a)'s minimal pleading requirements. On that score, this Court's decision in Lunayach is instructive. In that case, the plaintiff sought to pierce the corporate veil by alleging "on information and belief[3] the corporate defendant is the mere instrumentality and alter ego of Mr. Iscol" and that "corporate defendant operates as a sham and façade for the personal activities and personal affairs of Mr. Iscol." 1988 WL 4245, at *2. The defendants moved to dismiss under Rules 12(b)(6) and 8(a). Id. at *1. In denying the motion, the Court explained that, "[w]hile . . . plaintiff's allegations are cursory, this is to be expected at this early stage in the litigation. Discovery has not yet commenced." Id. at

---

[3] Pleadings based on information and belief are appropriate under Federal Rule of Civil Procedure 8(a). See Bonano v. Southside United Hous. Dev. Corp., 363 F. Supp. 2d 559, 564 (E.D.N.Y. 2005); WRIGHT & MILLER, FED. PRAC. & PROC. 3D § 1224.

- 5 -

*2. As a consequence, the court was unable to "say at this point in the proceedings that it is 'beyond doubt' that plaintiff can 'prove no set of facts' in support of its claim that would entitle it to relief against Mr. Iscol." Id. "Resolving, as we must, all ambiguities in favor of the plaintiff, we reject defendants' motion to dismiss defendant Iscol from this action." Id. The allegations in Mr. Simms' First Amended Complaint are more specific and detailed than those in Lunayach. Accordingly, Mr. Simms' right to amend the complaint as to Defendants Davis, Laettner, and Fund should not be disturbed.

### C. Mr. Simms' Motion to Amend Should Be Granted To The Extent Defendants Do Not Oppose It.

As discussed above, Defendants oppose Mr. Simms' First Amended Complaint only to the extent it is directed at Davis, Laettner, and Fund.[4] Yet, the First Amended Complaint contains, in addition to other minor changes, the following:

> 23. The Employment Agreement defines "Cause" as follows:
>
> "Cause" means (i) conduct amounting to fraud or dishonesty against the Company or any subsidiary or affiliate of the Company; (ii) Executive's intentional misconduct, repeated refusal to follow the reasonable directions of the Managing Partner of the Company or material breach of this Agreement, provided the Managing Partner of the Company, upon the direction of the Partners, notifies Executive of the acts deemed to constitute such intentional misconduct repeated refusal or material breach

---

[4] Once a responsive pleading is served, a plaintiff may amend the complaint only by leave of the court or by written consent of the adverse party. FED. R. CIV. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). The grant or denial of leave lies in the sound discretion of the district court. Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996). The court must, however, heed Rule 15's mandate that leave is to be "freely given when justice so requires." Id. Indeed, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman, 371 U.S. at 182. Denial of leave to amend has therefore been held to constitute an abuse of discretion where the court gave insufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendments. Id. Defendants did not attempt, much less make, such a showing.

in writing and Executive fails to correct such acts (or begin such action as may be necessary to correct such acts and thereafter diligently pursues the completion thereof) within five (5) business days after written notice has been given; or (iii) a conviction or plea of guilty or <u>nolo contendre</u> to a felony (other than one arising from the operation of a motor vehicle or resulting from actions taken (or not taken) by Executive in good faith in his capacity as an employee or officer of the Company).

24. The Managing Partner, Defendant Davis, did not notify Mr. Simms in writing of any purported act or acts deemed to constitute intentional misconduct, repeated refusal or material breach and thus necessarily did not provide Mr. Simms with the five-day period required under the Employment Agreement within which to correct or begin to correct any such purported act or acts.

25. [<u>Renumbered from Paragraph 19</u>]  At no time did Defendants have "Cause," as defined in the Employment Agreement, to terminate the Employment Agreement.  [<u>Appended to former Paragraph 19:</u>]  To the contrary, Defendants have admitted in this action that their decision to terminate Mr. Simms' employment was not for "cause":  "The employment relationship with Simms, unfortunately, did not turn out as expected.  Davis was disappointed with Simms' performance (or lack thereof) as CEO for [BSV], and believed that Simms had not carried through on promises made during the negotiations for his employment.  Davis therefore terminated Simms' employment . . . ."

26. Defendants manufactured an allegation that Mr. Simms somehow misrepresented his background to Mr. Davis, who Defendants have admitted had known Mr. Simms for nearly twenty years.

27. To the extent one or more of the Defendants held any misunderstanding about Mr. Simms, Mr. Simms was not the cause of such purported misunderstanding and, in any event, any such purported misunderstanding did not involve a fact that was material to Defendants' decision to recruit and hire Mr. Simms from the lucrative and successful career he had built at Lehman.

. . . .

31. Defendants have failed and refused to honor their obligations to Mr. Simms under the BSV Loan by failing and refusing to repay the principal or the contract interest accruing thereon.

. . . .

47. Pursuant to the BSV Loan, Mr. Simms is entitled to the repayment of the principal and the payment of interest.

[Docket No. 25].

- 7 -

- 8 -

Defendants have asserted no opposition to these manifestly proper amendments. Accordingly, they should be allowed. See Fuller v. Alexander, 440 F. Supp. 380, 382 (D.D.C. 1977) (allowing amendment that defendant did not oppose).

## IV.  CONCLUSION

For all of the foregoing reasons, Mr. Simms respectfully submits that the Court should grant his Motion for Leave to File a First Amended Complaint.

        Respectfully submitted,

        DRINKER BIDDLE & REATH LLP

By:   /s/ James G. Fannon
       Alisa H. Reff, Esq.
       D.C. Bar No. 423113
       1500 K Street, N.W.
       Washington, D.C.  20005-1209
       Tel:   (202) 842-8852
       Fax:  (202) 842-8465

       Thomas J. Barton, Esq.
       James G. Fannon, Esq.
       (Admitted Pro Hac Vice)
       DRINKER BIDDLE & REATH LLP
       One Logan Square
       18th & Cherry Streets
       Philadelphia, PA  19103-6996
       Tel:   (215) 988-2863
       Fax:  (215) 988-2757

       Counsel for Plaintiff