```
                 UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLUMBIA
```

_____
                                    )
**BRYAN H. SIMMS,**                 )
                                    )
      **Plaintiff,**        )
                                    )
      **v.**                )  Civ. Action No. 08-177 (RWR)
                                    )
**BALL STREET VENTURES, LLC, et al.,** )
                                    )
      **Defendants.**       )
_____)

## MEMORANDUM OPINION

On December 24, 2008, the parties executed a settlement agreement under which the defendants jointly and severally promised to pay the plaintiff a sum of $650,000, with interest, in three installments. The settlement agreement, endorsed by the court on December 31, 2008, provides that the court retains jurisdiction over this action for the limited purpose of enforcing the payment provisions of the parties' settlement agreement. On March 11, 2009, after the defendants missed the first two installment payments, the plaintiff's motion to enforce the settlement agreement was granted and the defendants were ordered to pay amounts owed within twenty-four hours of the court's order.

The defendants have moved to modify the March 11, 2009 order requiring payment within twenty-four hours, arguing that defendants' companies are in serious financial debt and that

-2-

individual defendant Davis is in the process of refinancing and restructuring assets to pay the settlement amount within a reasonable time period.  Simms has moved for entry of judgment in the amount of all payments due to the plaintiff under the parties' settlement agreement, alleging that despite the court's previous order, the defendants have made no payments under the settlement agreement.  The defendants oppose entry of judgment, arguing that factual claims related to the defendants' ability to pay that preclude summary enforcement of the settlement agreement.

   Where "a binding settlement bargain is conceded or shown," and "there is no factual dispute and no legal defense to enforcement," the court may summarily enforce a settlement agreement.  Autera v. Robinson, 419 F.2d 1197, 1200 (D.C. Cir. 1969); see Kukla v. Nat'l Distillers Products Co., 483 F.2d 619, 621 (6th Cir. 1973) (noting that "the authority for a District Court's entry of final judgment incorporating the terms of a pre-trial settlement agreement rests under neither [Federal Rule of Civil Procedure] 56 nor Rule 16[,]" but "such judgment is in the nature of a judgment by consent, . . . authorized under what has been consistently recognized as the trial court's inherent power to summarily enforce settlement agreements entered into by parties" (internal citation and quotation marks omitted)).  In this case, the defendants concede that there is a binding

-3-

settlement agreement between the parties.  (Defs.' Opp'n at 2.) Under the settlement agreement, "in the event of any default in making any payment by its due date . . . the Settlement Payment shall accelerate and be immediately payable in full[,]" and "unpaid principal and accrued interest shall accrue late fees at the rate of 15% per annum."  The defendants have also conceded that they failed to pay timely the first required payment, which under the settlement agreement's acceleration clause, made the entire settlement amount immediately payable with interest and late fees.  Nor do the defendants dispute the plaintiff's representation that no payments have been made under the settlement agreement.  To the extent that the defendants now contend that judgment cannot be entered until a hearing has been held on the defendants' ability to pay, they have not established the relevance of their ability to pay as defense to enforcement of their unambiguous and undisputed contractual obligation. Accordingly, because there is no factual dispute or legal bar to enforcement of the settlement agreement, the plaintiff's motion for entry of judgment will be granted, and the defendants' motion to modify the March 11, 2009 order will be denied.  An appropriate order accompanies this memorandum opinion.

SIGNED this 14th day of May, 2009.

                                             /s/
                                     RICHARD W. ROBERTS
                                     United States District Judge